**STATE of Tennessee, Appellee,**

v.

**Richard Michael STOCKTON, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 29, 1986.

Permission to Appeal Denied by Supreme Court March 9, 1987.

W.J. Michael Cody, Atty. Gen. & Reporter, Nashville, Albert L. Partee, III, Asst. Atty. Gen., Nashville, R. Jerry Beck, Asst. Dist. Atty., Blountville, for appellee.

Murray C. Groseclose, III, Kingsport, for appellant.

O'BRIEN, Judge.

## OPINION

Defendant was convicted of third degree burglary and of an attempt to commit the felony of grand larceny in the Sullivan County Criminal Court. He received respective sentences of four (4) years and three (3) years to be served concurrently with each other, but consecutively to prior concurrent sentences of five (5) years for burglary and grand larceny.

Two issues are raised on this appeal, the first a question of alleged misconduct on the part of the prosecuting attorney, and

secondly, a complaint involving consecutive sentencing. We affirm the judgment below.

■ Prior to trial the District Attorney General was directed to instruct the State witnesses not to mention that defendant had previously been in their employ and had been dismissed for dishonesty. At trial he asked one of the owners of the burglared business if he was acquainted with the defendant. He was informed that defendant had worked for them six or seven months earlier. He then posed the following question: "Without going into any detail, which I have instructed you not to, he was dismissed from your business?" He received an affirmative reply. Objection was made at a bench conference and overruled. No further inquiry along this line was made. At the hearing on the motion for new trial the trial judge found that the District Attorney General had complied with the court's instructions regarding defendant's dismissal from the business, and found no prejudice to the defendant by any comment by the State.

Defendant now says the State's conduct was a violation of the rule laid down in *Judge v. State*, 539 S.W.2d 340 (Tenn.Cr. App.1976), and a denial of due process. We have searched the record in an effort to determine if the manner in which the State's Attorney posed the question was a deliberate attempt to violate the order of the trial court. We cannot find any suggestion of intentional, improper conduct. The evidence, though largely circumstantial, was extraordinarily strong against the defendant. He was a former employee, knowledgeable about the location of valuables and money concealed in the premises; his footprints were found outside and inside the burglared building; glass from a window, broken to make entry, was found on defendant's shoes after his arrest. The findings of the trial judge are conclusive, in a case such as this, in the absence of a preponderance of evidence to the contrary. We overrule the issue.

Defendant contends the trial court erred by imposing consecutive sentences, based on his prior juvenile record, because neither his juvenile record, nor the nature of the instant offenses, were serious enough to warrant consecutive sentencing. He says his prior record was the result of drug and alcohol dependency, and not an indication of otherwise criminal tendencies on his part. At the sentencing hearing the trial judge found that prior participation in alcohol and drug treatment programs had not been of any benefit to the defendant, either within the juvenile justice system, or so far as rehabilitation was concerned. He noted the court had previously meted out concurrent sentences, for burglary and grand larceny, shortly before the offenses in this case, and that defendant had several other major felonies pending before the court. He stressed these reasons as well as deterrence for defendant's consecutive sentences.

■ The trial judge found defendant to be a multiple offender under the authority of *Gray v. State*, 538 S.W.2d 391, 393 (Tenn.1976), based on his record both as a juvenile and as an adult. The presentence report has not been transmitted to this court, and under the record we have before us it is impossible to tell whether the defendant is a persistent offender under the provisions of T.C.A. § 40–35–106, or if a consecutive sentence is mandatory in accordance with Tenn.Crim.P.Rule 32(c). Defendant's contention that his juvenile record should not be taken into account is without merit. In making the determination to impose consecutive sentencing the court is not limited to consideration of criminal activity or conduct occurring after one reaches the age of eighteen (18) years. T.C.A. § 37–1–133 is adapted from the Uniform Juvenile Court Act, and provides in pertinent part that "the disposition of a child and evidence adduced in a hearing in juvenile court may not be used against him in any proceeding in any court other than a juvenile court, whether before or after reaching majority, except in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report". There is strong precedent among other jurisdictions for the position taken by our court that a juvenile record of criminal conduct may properly be con-

sidered in assessing a suitable sentence upon a felony conviction by an adult.[1]

The only logical reason for including a juvenile record in a presentence investigation report would be for the purpose of mitigation or enlargement of a subsequent sentence for conviction of a felony. An adult felon has no right to the protection afforded a juvenile prior to his obtaining an age where he must face the full societal responsibilities of adulthood. It would serve neither the interests of society, nor protect the public from further criminal conduct by the defendant, to wipe the slate clean and deny the sentencing authority the benefit of a defendant's past history of criminal activity, in assessing his sentence, simply because some part of that history occurred during his juvenile years.

T.C.A. § 40–35–402(d) requires us to review sentencing issues de novo, on the record, without any presumption of correctness of the trial court's determination. Defendant was sentenced as a Range I, standard offender. It is possible he should have received a sentence within Range II. T.C.A. § 40–35–106(c). However, on the record transmitted to this Court this question cannot be determined with any exactitude. The issue we have before us is whether or not defendant's sentences should have been fixed to run consecutively to a prior sentence received in the same court. We are satisfied the trial judge ruled correctly.

The judgment of the trial court is affirmed.

DWYER and SCOTT, JJ., concur.

---

1. This course of action has been upheld in Alabama, Arizona, Indiana, Nevada, New Hampshire, Ohio, Rhode Island, Texas, Illinois, Oklahoma, and Florida.