IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2002

## STATE OF TENNESSEE v. FREDERICK SLEDGE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 92-04081     James C. Beasley, Jr., Judge**

---

**No. W2001-02402-CCA-R3-CD  - Filed January 6, 2003**

---

The defendant was convicted of first degree murder and especially aggravated robbery and was originally sentenced to death and twenty years, respectively. The trial court ordered the sentences to be served consecutively. On appeal, this court affirmed both convictions but reversed the death sentence and remanded it for resentencing. On remand, the defendant was sentenced to life imprisonment after a new sentencing hearing. The life sentence was ordered to be served consecutively to the original twenty-year sentence for especially aggravated robbery. The only issue raised on this appeal is whether, on remand, the trial court erred by not reconsidering the issue of consecutive sentencing when resentencing the defendant for the murder conviction. We affirm the sentence as imposed on remand by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Paula Skahan and Gerald Skahan, Memphis, Tennessee, for the appellant, Frederick Sledge.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Jerry Harris and John W. Campbell, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

### BACKGROUND

On December 10, 1991, the defendant shot and killed sixty-four-year-old Johnny Harris. The shooting occurred during a robbery committed by the defendant and two others. According to the defendant's statement, he and two others tracked the victim from a grocery store to his apartment where he demanded money from the victim. The victim gave the defendant his wallet, which contained six or seven dollars. The defendant rummaged through the victim's pockets and then shot

him once through the heart and once through the knee. The victim was found dead, lying on his back with his pockets turned inside-out.

Subsequently, the defendant was convicted of first degree murder and especially aggravated robbery for which he received a sentence of death and twenty years, respectively. The sentences were ordered to be served consecutively. On appeal, this court affirmed both convictions but reversed and remanded the death sentence for resentencing. See State v. Fredrick Sledge, No. 02C01-9405-CC-00089, 1997 WL 730245 (Tenn. Crim. App. Nov. 25, 1997), perm. to appeal granted (Tenn. Mar. 1, 1999). Our supreme court affirmed. See State v. Sledge, 15 S.W.3d 93 (Tenn.) (modified on other grounds), cert. denied, 531 U.S. 889, 121 S. Ct. 211, 148 L. Ed. 2d 149 (2000).

At his resentencing hearing, the defendant presented evidence relevant to this appeal. The defendant grew up impoverished in rural Mississippi and had little contact with his father. His father physically abused his mother during her pregnancy. He had a close relationship with his great aunt who died when he was seventeen. The defendant has two sons with whom he is in contact. At age seventeen or eighteen, he moved to Memphis and, within two months of his arrival, committed the instant offenses. Witnesses for the defendant testified that he had matured and had remained in contact with his family since his incarceration.

Following a remand, a jury resentenced the defendant to life imprisonment. The defense argued both at the conclusion of the resentencing hearing, and at a subsequent hearing, that the trial court order that the defendant's two sentences be served concurrently. However, the trial court declined to reconsider the matter, explaining its reasoning:

> That issue, in my opinion, has been upheld by the court of criminal appeals as being a valid ruling by the trial court. The mitigating factors that you're talking about, with reference to the sentencing hearing in this case, were presented to a jury; obviously the jury felt there was apparently some merit to those mitigating circumstances, and returned a verdict of life imprisonment.

> It would be this Court's opinion that the prior ruling by the original trial court with regard to how those sentences should be served, would still stand. That issue has been determined by the appellate court to have been a proper sentencing hearing where we're making a – we're using the term sentencing hearing, and it's probably improper when it refers to this particular case. This case was the sentencing phase of the murder trial, but the trial judge, the original trial judge, . . . has previously determined at a sentencing hearing that has been upheld that the especially aggravated robbery should be served consecutive with the murder. The only issue for this Court to

determine was what was the punishment in the murder case. That punishment has been established as life imprisonment.

So it would be my opinion, based on the ruling by the court of criminal appeals, the affirmation of that ruling by the supreme court, that the sentences in this case should be held consecutively or served consecutively as previously ordered by [the original trial judge], and I would so rule.

I don't see, nor do I think that it's necessary to have another hearing to determine whether the sentences should be served concurrently or consecutively. Obviously, that is an issue that can be determined and ruled upon on appeal, if I'm incorrect, but it would be my opinion that the law of the case has been established by the court of criminal appeals and the supreme court, that being that the sentence is, in the especially aggravated robbery and the murder and the prior aggravated robberies were to be served consecutively.

The only issue before this court was what was the punishment, and for that reason, I will deny the Motion to have the sentences run concurrently as having been previously determined.

## ANALYSIS

The sole issue on appeal is whether the trial court was required to revisit the issue of whether the new murder sentence was to run consecutive to, or concurrent with, the original robbery sentence when the case was remanded for a new sentencing hearing. The defendant argues that common sense would require the issue to have been reconsidered at the resentencing hearing. However, it is the State's position that the issue of consecutive sentencing was finalized in the defendant's first appeal and need not be revisited.

On his first appeal, the defendant argued that the imposition of consecutive sentences was improper. Sledge, 1997 WL 730245, at *32. This court responded:

The trial court found that the defendant had an extensive history of criminal activity and that he was a dangerous offender whose behavior indicates little or no respect for human life. See T.C.A. § 40-35-115(b)(2) and (4). The defendant's contentions as to the impropriety of these findings are without merit. The defendant cites no authority in support of his proposition that the term "extensive" is unconstitutionally vague. The trial court properly considered the defendant's prior criminal activity as being extensive. Though the defendant may not have any prior juvenile convictions, the statute

-3-

does not state that there must be a conviction, just prior criminal activity. Furthermore, <u>State v. Stockton</u>, 733 S.W.2d 111, 112-13 (Tenn. Crim. App. 1986), suggests that the trial court can review juvenile records when making a sentencing determination. Finally, the defendant was properly classified as a dangerous offender. <u>See</u> <u>State v. Wilkerson</u>, 905 S.W.2d 933, 935-39 (Tenn. 1995). Accordingly, this issue is without merit.

<u>Id.</u> This court then concluded:

> In consideration of the foregoing and the record as a whole, we hold that the first degree murder conviction is affirmed but that the sentence is reversed. We affirm the judgment of conviction for the especially aggravated robbery. The case is remanded to the trial court for a new sentencing hearing for the first degree murder and the entry of a judgment of conviction under count two of Case No. 92-04081.

<u>Id.</u> at *33. The Tennessee Supreme Court modified this court's decision on other grounds and affirmed with respect to the remaining issues, including sentencing. <u>Sledge</u>, 15 S.W.3d at 96.

The defendant contends that neither this court nor our supreme court expressly limited the scope of the resentencing hearing on remand to preclude a new ruling on the issue of consecutive sentencing. Therefore, he reasons, the issue was properly before the trial court during the resentencing hearing. However, simply because the defendant was being resentenced in one of his cases did not erase the factors upon which the trial court had based its earlier order that the sentences be served consecutively, which this court affirmed on appeal.

In <u>State v. Jefferson</u>, 31 S.W.3d 558 (Tenn. 2000), our supreme court explained the "law of the case" doctrine:

> "The phrase 'law of the case' refers to a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case. In other words, under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.
>
> The law of the case doctrine is not a constitutional mandate

-4-

nor a limitation on the power of a court. Rather, it is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited. This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts.

Therefore, when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case which generally must be followed upon remand by the trial court, and by an appellate court if a second appeal is taken from the judgment of the trial court entered after remand. There are limited circumstances which may justify reconsideration of an issue which was [an] issue decided in a prior appeal: (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal."

Id. at 560-61 (quoting Memphis Publ'g Co. v. Tennessee Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998)).

This court affirmed the trial court's imposition of consecutive sentencing, remanding to determine the sentence for the first degree murder conviction. While not an explicit limitation of the scope of the remand, the implication of the remand was that the issue of consecutive sentencing need not be revisited. The law of the case doctrine proscribes reconsideration of the issue. None of the limited exceptions to the law of the case doctrine apply. Our supreme court affirmed this decision. Accordingly, we conclude that the trial court's refusal to reconsider the issue was not error. The defendant's argument is without merit.

The defendant also argues that new evidence was presented at the resentencing hearing that required the trial court to revisit the issue of consecutive sentencing. Testifying on behalf of the defendant at the resentencing hearing were his uncle, Michael Howard; his cousin, Velda Smith; his former girlfriend, Melvia Brown; and his mother, Minnie Sledge. They testified, generally, as to his difficult background and his efforts to maintain contact with his family and his children.

The defendant characterizes the testimony from the resentencing hearing as "[e]vidence in mitigation." However, the trial court is only required to consider mitigating evidence in determining sentence length and sentencing alternatives. See Tenn. Code Ann. § 40-35-113, Sentencing Commission Cmts.; State v. Baker, 751 S.W.2d 154, 167 (Tenn. Crim. App. 1987) (holding that

mitigating factors are not involved in the determination of whether sentences are to run consecutive or concurrent). Furthermore, according to statute, the ordering of consecutive sentences is purely discretionary; nevertheless, the trial court must find by the preponderance of the evidence that at least one of seven criteria is met. See Tenn. Code Ann. § 40-35-115(b). Here, the trial court correctly applied criteria (2), "[t]he defendant is an offender whose record of criminal activity is extensive," and (4), "[t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." Id. § 40-35-115(b)(2), (4). None of the evidence the defendant presented at the resentencing hearing rebuts the application of those two factors. Accordingly, we cannot conclude that the trial court erred in refusing to review the prior order that the sentences be served consecutively.

## CONCLUSION

Based on the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE