**STATE of Tennessee, Appellee,**

v.

**Randy HICKS, Ricky Lee Womac and Earnest Leroy Lawson, Appellants.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 23, 1992.

Permission to Appeal Denied by Supreme Court June 8, 1992.

James Harvey Stutts, Asst. Public Defender, Cleveland, for appellant Hicks.

J. Michael Billingsley, Tullahoma, for appellant Womac.

William Buckley, Athens, for appellant Lawson.

Charles W. Burson, Atty. Gen., Merrilyn Feirman, Asst. Atty. Gen., Nashville, Jerry N. Estes, Dist. Atty. Gen. and William W. Reedy, Asst. Dist. Atty. Gen., Athens, for appellee.

## OPINION

BYERS, Presiding Judge.

Each of the appellants was convicted of facilitating a Class A felony (murder in the first degree) and of possessing intoxicants in a county institution. Hicks and Womac were also found guilty of introduction of an intoxicant into the county jail.

Hicks and Womac were each sentenced to serve twenty-five years on the offense of criminal facilitation and six years on each of the counts involving intoxicants in the county jail. They were ordered to pay fines of fifty thousand dollars on the facili-

tation charges. For possession of intoxicants, the jury fixed fines of five thousand dollars. For introducing intoxicants into jail, fines of ten thousand dollars were set. Each of their sentences was run consecutively for a total of thirty-seven years each.

Lawson was sentenced to twenty-five years on the criminal facilitation charge and was fined fifty thousand dollars. He received six years on the possession of an intoxicant and was fined five thousand dollars. His sentences were run consecutively for an effective sentence of thirty-one years.

The appellants have assigned sixteen issues on this appeal. We reverse and dismiss the convictions for introducing an intoxicant into the county jail as to Hicks and Womac and affirm the judgments of the trial court in all other matters.

The evidence shows the three appellants set upon an inmate named Nunley in the county jail and beat, kicked, bludgeoned, and otherwise abused him. Some of this was done simultaneously by all and some was done separately by each of the appellants. Although the evidence shows the inmate died as a result of the trauma inflicted upon him by the appellants, there is no way to separate out and determine which of the three delivered the blow or blows that inflicted the most likely cause of death—injuries inflicted by blunt blows to the head. In addition to the head injuries which were the immediate cause of death, there were multiple injuries to the deceased, including fractured ribs and deep abrasions and contusions.

It is the theory of the appellants that they cannot be guilty of criminal responsibility for facilitation of a felony under T.C.A. § 39–11–403, because there is no evidence any of them knew of any intent on the part of another to commit murder in the first degree, which they insist is essential for a finding of guilt on this offense.

T.C.A. § 39–11–403 is as follows:

**39–11–403. Criminal responsibility for facilitation of felony.**—(a) A person is criminally responsible for the facilitation of a felony if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under 39–11–402(2), the person knowingly furnishes substantial assistance in the commission of the felony.

(b) The facilitation of the commission of a felony is an offense of the class next below the felony facilitated by the person so charged.

T.C.A. § 39–11–407 provides:

**39–11–407. Defenses excluded.**—In a prosecution in which a person's criminal responsibility is based upon the conduct of another, the person may be convicted on proof of commission of the offense and that the person was a party to or facilitated its commission, and it is no defense that:

(1) The other belongs to a class of persons who by definition of the offense is legally incapable of committing the offense in an individual capacity; or

(2) The person for whose conduct the defendant is criminally responsible has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense or different type or class of offense, or is immune from prosecution.

The Sentencing Commission Comments to section 407 state the following policy determination for the offense of facilitation:

This section reflects a policy determination that, in a case involving multiple offenders, a conviction should be sustained where there is sufficient evidence to support it, regardless of whether there is a failure of proof in another case involving other people. Thus, the defendant may be convicted whether the other parties to the offense are convicted, acquitted, or incapable of criminal responsibility.

The trial judge instructed the jury that the offense defined in T.C.A. § 39–11–403 was a lesser included offense of murder. The Sentencing Commission Comments which follow this section state:

A defendant charged as a party may be found guilty of facilitation as a lesser

included offense if the defendant's degree of complicity is insufficient to warrant conviction as a party. The lesser punishment is appropriate because the offender, though facilitating the offense, lacked the intent to promote, assist or benefit from the offense.

The Supreme Court of Kentucky in *Luttrell v. Commonwealth*, 554 S.W.2d 75 (Ky. 1977), held Kentucky's criminal facilitation statute was a lesser included offense of attempted murder and said:

> Under these circumstances criminal facilitation is a lesser included offense because it has the same elements except that the state of mind required for its commission is less culpable that [sic] the state of mind required for commission of the other offenses ... [A] reasonable juror could conclude that [the appellant] acted as a facilitator. Consequently, at the new trial [he] is entitled to instructions on criminal facilitation of attempted murder and assault in the second degree.

*Luttrell* at 79.

■ It seems clear that T.C.A. § 39–11–403 can be a lesser included offense of a greater charge, and such offense may be given in a charge to the jury where its application is fairly raised by the evidence in the case or, where by the nature of the offense charged, T.C.A. § 39–11–403 would logically be seen as a lesser included offense.

■ We are of the opinion, however, we need not make our decision on the basis of whether T.C.A. § 39–11–403 is a lesser included offense in this case. The evidence in this case shows there was a concert of action among the appellants to inflict injury and death upon the victim. The beating of the victim lasted at least twenty minutes. It was halted sporadically and resumed after some comments by the perpetrators. Each of the appellants was responsible for his own conduct and was culpably responsible for the conduct of the others under the provisions of T.C.A. § 39–11–402(2) which provides:

> **39–11–402. Criminal responsibility for conduct of another.**—A person is criminally responsible for an offense committed by the conduct of another if:
>
> . . . . .
>
> (2) Acting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense; ...

■ The evidence in this case shows the appellants were guilty of murder in the first degree. A verdict of guilty on that offense would have been supported by the evidence. For reasons known only to the jury, they chose to find the appellants guilty of facilitating the felony of murder in the first degree—a prerogative that the jury has under our system of justice and a right to which an accused is entitled. Where the jury is instructed that an offense is a lesser included offense of that charged in the indictment, whether it be or not, a conviction on such lesser offense may stand where the evidence shows the greater offense was committed. *State v. Mellons*, 557 S.W.2d 497 (Tenn.1977).

For the reasons stated, we hold the appellants could be properly convicted of violating T.C.A. § 39–11–403.

■ The appellants' complaint that the verdict is inconsistent with the proof because no one was convicted of murder in the first degree is adequately answered by the reasons stated above, and has no merit for the further reason that there is no requirement of consistency in a jury verdict. *State v. Hamrick*, 688 S.W.2d 477 (Tenn.Crim.App.1985). This is especially true where there is sufficient proof of the greater offense.

■ The appellants further say they should be granted a new trial because of an alleged difference in the wording of T.C.A. § 39–11–403 at the time of their indictment and the time of their trial.

T.C.A. § 39–11–402 as originally enacted by Chapter 591 of the Public Acts of 1989, contained subsections (a), (b) and (c). T.C.A. § 39–11–403 was created by the same Public Act, and, in defining facilitation of a felony, referred to § 39–11–

402(b). In the 1989 Noncumulative Supplement to the Tennessee Code Annotated, § 39–11–403 continued to refer to § 39–11–402(b), even though § 39–11–402 had been changed to show subsections (1), (2) and (3), rather than (a), (b) and (c). The 1990 Noncumulative Supplement and the 1991 Replacement Volume both contain the correct subsection numbers in both code sections.

■ We find no reason to grant relief to the appellants on this basis. The Public Act passed by the legislature was correctly referred to in the code section. Therefore, the Public Act is controlling and, when there is a conflict during the process of codification, the Act as originally passed controls. By referring to Public Acts, Chapter 591, the elements of the offense are clearly defined and no confusion exists. Therefore, the conviction is valid.[1]

■ The appellant Hicks says the trial judge improperly limited his cross-examination of a toxicologist concerning blood-alcohol levels. In the course of cross-examination, Hicks' counsel sought to ask hypothetical questions based upon facts that were not in evidence. The trial judge ruled that the facts upon which the questions were based were not in evidence and counsel would be required to assert such evidence would be introduced before allowing these questions. This was not done. The trial court only limited the appellant to this requirement. The appellants were allowed extensive examination of the witness as reflected by fifty pages of cross-examination in the record before us.

The trial judge properly refused to allow speculative, hypothetical questions, which had no evidentiary basis to support the inquiry.

■ We find no reason to grant a new trial on alleged *Miranda* violations made by the appellants.

Although it is not necessary for our ruling to do so, we find the failure to give *Miranda* warnings, in the context of the encounter between a police officer and the

appellants, was not necessarily error as conceded by the state.

The appellants were in custody by reason of other offenses. On the morning after the death of the victim, a T.B.I. agent talked with each of the appellants. The agent informed them he was investigating the death, and asked if they knew anything about it. Each of the appellants made a statement. Lawson said he was asleep when the victim was injured; Womac said deputies beat the victim; and Hicks said the victim fell out of his bunk.

All the statements were exculpatory and the appellants did not testify so that their credibility was not in issue. If error at all, admitting these statements into evidence was harmless error beyond a reasonable doubt.

■ The appellants claim it was error for the trial judge to refuse to sever the trial of each of them and each of the charges against them.

There were six defendants in the trial court: four of them were charged with first-degree murder, two were charged with negligent homicide. Each of these charges grew out of the single episode which resulted in the death of the inmate. The appellants were properly tried together. Rule 8(c), Tennessee Rules of Criminal Procedure.

■ The appellants would, however, be entitled to a severance if they could clearly show they were prejudiced by being jointly tried. *State v. Burton*, 751 S.W.2d 440 (Tenn.Crim.App.1988). In an effort to show they were prejudiced by being tried jointly, the appellants claim they were deprived of using co-defendant Mike Williams as a witness.

The appellants have failed to show that Williams, who would have been awaiting trial if he had been severed from the trial of these appellants, would have testified rather than elect to exercise his right to remain silent under the Fifth Amendment

---

1. We note Vol. 7 of the Code of 1990, was officially codified by Public Act No. 28 of 1991, and the subsections now listed are controlling.

to the United States Constitution. The appellants have failed to show the trial court abused its discretion in refusing to sever the defendant.

■ For similar reasons, we find the various charges were properly tried together. The state would have been entitled to show all of the surrounding circumstances leading up to the fatal beating of Nunley. The introduction of alcohol into the jail and the consumption of alcohol by the principals were a part of the circumstances involved in this case. The trial judge did not err in refusing to sever the offenses. *See State v. Hodgkinson,* 778 S.W.2d 54 (Tenn. Crim.App.1989).

■ The appellants Hicks and Womac insist counts three and four of the indictment should have been merged. Count three charged them with causing intoxicants to be brought into the county jail, and count four charged them with possession of an intoxicant within the county jail. These counts were based upon T.C.A. § 39-16-201:

> (a) It is unlawful for any person to:
> (1) Knowingly and with unlawful intent take, send or otherwise cause to be taken into any state, county or municipal institution where prisoners are quartered or under custodial supervision any weapons, ammunition, explosives, intoxicants, legend drugs, or any controlled substances found in chapter 17, part 4 of this title.
> (2) Knowingly have in his or her possession any of the materials prohibited in subdivision (a)(1) while present in any state, county or municipal institution where prisoners are quartered or under custodial supervision without the express written consent of the chief administrator of the institution.
> (b) A violation of this section is a Class C felony.

The jail was surrounded by a fence which is a part of the secure area of the jail. The evidence shows the alcohol in question was placed inside the fence by people other than Hicks and Womac. There is no showing Hicks or Womac had anything to do with bringing the alcohol into the secured area which comprises the jail. At most, the evidence shows, as they insist, they only transferred the alcohol from one place to another within the jail. Based upon this, we find Hicks and Womac cannot be convicted of a violation of T.C.A. § 39-16-201(a)(1), not because of double jeopardy reasons as they claim, but because there is no evidence upon which their convictions can stand. We therefore reverse the judgments of conviction for this offense and dismiss this charge, which is contained in count three of the indictment, as to these two appellants.

The appellants say the trial judge incorrectly instructed the jury on count three of the indictment. Because we have reversed the judgments and dismissed the charge contained in count three, we need not reach this issue.

■ When the trial judge instructed the jury on the provisions of T.C.A. § 39-16-201(a)(1) he referred to them as Class D felonies rather than Class C felonies. The judge correctly instructed the jury as to the range of punishment for a Class C felony, which these offenses are. We cannot see that this caused any confusion which would justify a new trial.

■ The appellants in two assignments claim the trial judge erred in allowing into evidence certain photographs of the victim because their prejudicial effect outweighed any probative value. They insist these pictures were so gruesome and bloody as to inflame the jury. We do not agree with this assessment.

The evidence is uncontradicted that these appellants beat Nunley to death. The evidence is sufficient to find the appellants guilty of murder in the first degree, with punishment of life imprisonment (the death penalty was not sought). The jury found the appellants guilty of a lesser offense with a significantly lower penalty. We cannot, therefore, conclude there was any prejudice in the introduction of these photographs, even though they were gruesome.

■ In a pre-trial motion in limine, the trial judge ruled the state could not intro-

duce evidence that, sometime on December the 24th, Hicks, while holding a knife, said he was going to "stick" someone before the night was over. The killing took place on December the 25th. This ruling was based on a written statement made by a witness.

During the course of the trial, this witness testified concerning this statement made by Hicks about the knife. He testified the statement was made some twenty to thirty minutes prior to the killing. The trial judge overruled the objection to its introduction. We do not agree with the appellants that this was error.

The previous ruling was based upon the belief that the statement was removed in time by as much as a day from the killing. This presumption was apparently incorrect. The evidence was admissible in the context of the time of the killing, and was probative of Hicks' state of mind leading up to this event.

The appellants Hicks and Womac complain a statement made by Mike Williams to a police officer should not have been introduced because it clearly showed, even when edited, that they were guilty of bringing intoxicants into the jail. We do not find this complaint to have substance. However, it is of no significance because we have dismissed the charges of bringing intoxicants into the jail. The statement by Williams encompassed only this issue, and the complaint is therefore moot.

 Appellants Hicks and Womac assert the trial judge erroneously sentenced them to the maximum sentence in the range into which they fell and further say the trial court erred in running the sentences consecutively.

We are dealing with the sentences for facilitating the felony of murder for which these appellants were sentenced as standard Range I offenders to twenty-five years and with the sentences for possession of an intoxicant within the jail, wherein the appellants were sentenced as standard Range I offenders to six years. We approve the sentences.

There were no mitigating factors asserted or found as to Hicks. Mitigating factors as to Womac were filed and considered by the court. There are some enhancing factors unique to each of these appellants and some which are common to both.

Hicks has had five previous felony convictions and two previous misdemeanors. At the time of this offense, he was being held on a parole violation warrant and possessed a deadly weapon, a knife, which he used during the crime to prevent any intervention to save the victim. Womac has a prior adult felony conviction, one prior adult misdemeanor conviction and four prior juvenile offenses, and used a deadly weapon in committing this offense, a sock filled with coins. A previous grant of probation was violated and revoked.

The record shows the following enhancing factors which are common to both of these appellants:

(1) the defendant has a previous history of criminal convictions or behavior;

(2) the defendant treated or allowed the victim to be treated with exceptional cruelty during the commission of this offense;

(3) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release.

We are of the view that factors (1) and (3) are self-evident from the record. As to enhancement factor number (2), the evidence shows the beating of Nunley went on for twenty minutes, and, when he begged for mercy, the appellants' response was to renew the beating. This record shows a cruel and inhumane course of conduct by these appellants who, eschewing all concepts of human decency, beat this helpless man to death. They are justly convicted and sentenced.

 As far as the consecutiveness of the sentences, the record shows the appellants to be dangerous and abnormal persons from whom society needs to be protected. The running of these sentences consecutively is proper under the rule of *Gray v. State*, 538 S.W.2d 391 (Tenn.1976).

 Counsel for Womac further asserts the court could not use his previous felony

conviction to enhance the punishment because it was used to place him in Range I as a standard offender. This is a misconception. All offenders start off as a standard offender, Range I. If their history justifies it, they may be enhanced upward to a higher range. On the other hand, if they have a clear record and sufficient mitigating factors, they may be found to be especially mitigated offenders. Womac does not fit the especially mitigated category, and his previous felony conviction can be used to enhance his punishment because it is not necessary to use the conviction to establish the range.

Counsel for Womac asserts that T.C.A. § 37-1-133 prohibits the use of juvenile records for sentencing. Counsel recognizes that this Court, in *State v. Stockton*, 733 S.W.2d 111 (Tenn.Crim.App.1986), held they could be so used. Counsel asserts T.C.A. § 37-1-133 means what it says in spite of *Stockton*. Counsel makes such assertion "with all due respect to the court."

With all due respect to counsel's right to disagree with *Stockton*, we hold *Stockton* controls over counsel's opinion until it is overturned by an authority higher than either counsel or this Court.

BIRCH and WADE, JJ., concur.