IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1997 SESSION



FILED

July 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ERNEST LAWSON, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9608-CR-00295 |
| | ) | |
| | ) | McMinn County |
| v. | ) | |
| | ) | Honorable Mayo L. Mashburn, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:                          For the Appellee:

Ernest Lawson, Pro Se                       Charles W. Burson
No. 131676                                  Attorney General of Tennessee
W.T.H.S.F., P.O. Box 1050                         and
Henning, TN 38041                           Janis L. Turner
                                            Assistant Attorney General of Tennessee
                                            450 James Robertson Parkway
                                            Nashville, TN 37243-0493

                                            Jerry N. Estes
                                            District Attorney General
                                            203 E. Madison Avenue
                                            P.O. Box 647
                                            Athens, TN 37371

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Ernest Lawson, has appealed the McMinn County Criminal Court denial of his motion to reopen his post-conviction case relative to his 1990 conviction for facilitation to commit first degree murder. The trial court denied the motion because it was untimely, the ground raised had been waived, and the ground was not entitled to relief. The petitioner contends that his motion was timely, that he was entitled to the appointment of counsel, and that his claim of an improper reasonable doubt instruction has merit under Rickman v. Dutton, 864 F. Supp. 686 (M.D. Tenn. 1994). We affirm the trial court.

The defendant's original conviction became final after his direct appeal. See State v. Hicks, 835 S.W.2d 32 (Tenn. Crim. App. 1992), app. denied (June 8, 1992). He filed a petition for writ of habeas corpus on May 26, 1995, that was treated as one for post-conviction relief. The trial court dismissed the petition in February 1996 without a hearing, or the appointment of counsel on the basis that each claim for relief had been previously determined in the direct appeal.[1]

On April 2, 1996, the petitioner filed the instant motion to reopen in which he alleged that the jury instruction relating to reasonable doubt was unconstitutional. However, he does not explain why he did not bring this same claim in his former case. This constitutes a waiver. See T.C.A. § 40-30-202(e) (Supp. 1996). In any event, his substantive complaint is without merit. He complains that the reasonable doubt instruction in his case included the term "moral certainty" in such a way as to violate due process, a conclusion reached by the federal district court in Rickman. However, the instruction used in the petitioner's case is essentially the same one held to be

---

[1] A comparison of the petition and the direct appeal opinion of this court reflects that all of the claims were, in fact, determined in that appeal.

proper by our supreme court and this court.  See State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994); Pettyjohn v. State, 885 S.W.2d 364, 365-66 (Tenn. Crim. App. 1994).

Thus, there is no merit to the petitioner's claim.  The judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
John H. Peay, Judge


_____
Curwood Witt, Judge