IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1997 SESSION

FILED

September 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9701-CR-00011 |
| | ) | |
| Appellee | ) | JOHNSON COUNTY |
| | ) | |
| v. | ) | HON. LYNN W. BROWN, |
| | ) | JUDGE |
| CECIL WILLIAMSON, | ) | |
| | ) | Introduction of contraband in a penal |
| Appellant | ) | institution |

FOR THE APPELLANT

David F. Bautista
District Public Defender

Gerald L. Gulley, Jr.
Contract Appellate Attorney
P.O. Box 1708
Knoxville, TN 37901-1708
(on appeal)

    Robert Y. Oaks
General
Assistant Public Defender
Main Courthouse
Elizabethron, TN 37643-3328
(at trial)

FOR THE APPELLEE

John Knox Walkup
Attorney General & Reporter

Michael J. Fahey, II
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

   David E. Crockett
    District Attorney

Lisa Nidiffer Rice
Assistant District Attorney General
Rte. 19 Box 99
  Johnson City, TN 37601

OPINION FILED _____

AFFIRMED

JOHN K. BYERS
SENIOR JUDGE

# O P I N I O N

The defendant was convicted of introducing marijuana into a penal institution in violation of T.C.A. § 39-16-201 and was sentenced to serve six years.

The defendant raises the following issues:

I.     The "punitive segregation" and other sanctions applied to the appellant for possessing contraband narcotics within a penal institution, and which are described as "punishments" by the Tennessee Department of Corrections, preclude subsequent indictment and trial for the same offense on grounds of double jeopardy.

II.     The process by which prisoners who violate prison rules against possession of illegal contraband are selected for prosecution in state court is a selective enforcement that is devoid of any rational basis, and therefore a violation of the equal protection and due process rights of the appellant.

III.     The trial judge erred as a matter of law by denying the motions for judgment of acquittal and a new trial, where there was not sufficient evidence to sustain a conviction of the appellant.

We affirm the judgment of the trial court.

The evidence introduced by the state, unrefuted by the defendant, accredited by the jury and approved by the trial judge, shows:

On February 25, 1995, the defendant was working the child care visitor's center, where he had access to the visitation gallery, which would bring him in contact with persons from outside the prison.

The defendant entered a toilet which was adjacent to the gallery and which was under surveillance by guards.  A guard observed the defendant putting something into his rectum.  The defendant was accosted by the guard and a search revealed a string protruding from the defendant's rectum.  The defendant was placed in a cell where any bowel movement he had could not be disposed of. Within 24 hours, the defendant passed a package which contained marijuana.

The defendant told the prison officials he was "muling" [delivering] the marijuana to another inmate whom he would not name.

The defendant claims the evidence is insufficient to convict him of introducing marijuana into the prison because there is no direct evidence of how he got possession of the marijuana.

The defendant relies upon the case of *State v. Hicks*, 835 S.W.2d 32 (Tenn. Crim. App. 1992) to support his argument. We believe *Hicks* is distinguishable from this case because, in *Hicks*, the evidence clearly showed the accused in that case was not involved in the introduction of the banned substance (whiskey) into the prison but only moved the whiskey within the institution after it had been deposited within the prison by others, unaided by the accused. *Id.* at 38.

The evidence in this case shows the defendant was in contact with people who came into the prison where the defendant was working. The defendant inserted the marijuana into his rectum in a bathroom adjacent to the place of contact with people from outside the prison. The most reasonable conclusion to be drawn from this is that the defendant, with the aid of someone outside the prison, was involved in the introduction of the marijuana into the prison.

The trial judge properly instructed the jury on the law as it applies to aiding and abetting the comission of a crime and in the requirements of the law regarding convictions based on circumstantial evidence.

There is sufficient circumstantial evidence in the case to exclude any other reasonable hypothesis than the guilt of the defendant of the offense charged, and there is sufficient evidence for a reasonable trier of fact to find guilt beyond a reasonable doubt.

The defendant may not prevail on the double jeopardy claim. In *Ray v. State*, 577 S.W.2d 681 (Tenn. Crim. App. 1978), the Court held that the imposition of prison discipline for the purposes of institutional control does not bar prosecution for the criminal offense which gave rise to the prison discipline. We find no relevant cases holding otherwise.

The defendant claims the practice of the prison officials in referring some, but not all, prisoners who commit crimes while incarcerated, denies him equal protection of the law and violates his due process rights.

State officials may selectively prosecute some who commit crime and not prosecute others who commit crime without violating equal protection or due process rights of an accused. *Yearwood v. State*, 455 S.W.2d 612 (Tenn. Crim. App. 1970); *United States v. Allen*, 954 F.2d 1160 (6th Cir. 1992).

Selective enforcement is unconstitutional when the selection process is based upon arbitrary calssification of those to be prosecuted. *Oyler v. Boles*, 368 U.S. 448, 82 S. Ct. 501 (1962).

The defendant does not show that there is an arbitrary classification of the state for which prosecution is reserved or that he is the member of any class arbitrarily selected for prosecution. He, therefore, has failed to show any basis for the dismissal of the indictment in this case.

The judgment of the trial court is affirmed.

_____

_____
John K. Byers, Senior Judge

CONCUR:


_____
David H. Welles, Judge


_____
Thomas T. Woodall, Judge

-4-