# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1998 SESSION



**FILED**

**August 6, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| Appellee, | ) C.C.A. No. 02C01-9711-CR-00431 |
| | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Joseph B. Dailey, Judge |
| | ) |
| **TONY FASON,** | ) (Aggravated Robbery; Attempt to Commit |
| | ) Aggravated Robbery; Aggravated Assault) |
| Appellant. | ) |
| | ) |

FOR THE APPELLANT:

JOSEPH S. OZMENT
369 North Main Street
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
Criminal Justice Division
Cordell Hull Building, 2d Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

JAMES M. LAMMEY
Assistant District Attorney General
Criminal Justice Center-Third Floor
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The Shelby County Circuit Court convicted Tony Fason, the defendant, by jury verdict of aggravated robbery, attempt to commit aggravated robbery, and aggravated assault. He alleges that the evidence was insufficient to support the conviction, that the trial court erred in allowing reference to a stolen car used in the crimes, and that the trial court improperly charged the jury.[1] He also alleges that cumulative error merits a new trial. The trial court sentenced him to twelve years each on the attempted aggravated robbery and the aggravated assault convictions and to twenty-five years on the aggravated robbery conviction. The trial court imposed these sentences consecutively for an effective sentence of forty-nine years as a Range III offender in the Tennessee Department of Correction, and the defendant appeals the consecutive sentencing. He requests a new trial or, in the alternative, concurrent sentencing. We AFFIRM the convictions and the sentencing.

# FACTS

John and Juanita Warner stopped at a filling station in Memphis for fuel and directions. As Mr. Warner walked to the station service window, another car pulled into the lot. An individual wearing a stocking cap over his face and wielding a handgun exited that vehicle, approached Mr. Warner, and demanded money. Mr. Warner saw another person in the vehicle. Mr. Warner would not relinquish his wallet, and the subject approached the Warners' vehicle and robbed Mrs. Warner of her purse. The accomplice in the vehicle urged the assailant to hurry.

Brenda Lee O'Neal, an employee at the station, ran to the rear of the store when she saw the man with the firearm. She observed the remainder of the

---

[1] The defendant challenges the criminal responsibility charge, the trial court's failure to charge "moral certainty," and that court's denying his special requests for jury instructions.

incident on the security camera monitor.[2] She testified that she thought two subjects exited the vehicle.

From a distance, Sergeant. J. D. Woods of the Memphis Police Department observed the initial confrontation between Mr. Warner and the subject with the gun. He could not discern what was occurring but was suspicious and followed the subjects' vehicle when it left the station parking lot. One subject leaned from the car and fired several shots at Woods. A crash ended the ensuing pursuit, and the impact threw one subject from the vehicle. The other subject exited the vehicle, brandishing a firearm, and ran toward Woods. Woods struck this subject with his patrol vehicle.

Woods and other officers pursued the two subjects when they fled on foot. Woods apprehended one subject, and Officer Garland Shull pursued the defendant. Shull observed the defendant drop or throw down a wallet and a coat. Shull found a purse when he retraced the defendant's path. Mrs. Warner later claimed the purse and the wallet. Shull broadcast a general clothing description for his quarry, and the defendant's clothing, when Officer S. D. Chandler took him into custody in the area, matched this description.

**ANALYSIS**

*Sufficiency of the Evidence*

The appellant claims that the evidence was insufficient as a matter of law to sustain the convictions. When an appellant challenges the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). This Court grants the appellee the strongest

---

[2] The jury did not view a tape of the incident because the recording mechanism apparently failed.

legitimate view of the evidence and all reasonable inferences that may be drawn therefrom.  See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

The credibility of witnesses, the weight of their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the trier of fact.  See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Gentry, 881 S.W.2d 1, 3 (Tenn. Crim. App. 1993).   A jury verdict for the state accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state.  See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Moreover, a guilty verdict replaces the defendant's presumption of innocence with a presumption of guilt.  See State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).  An appellant challenging the sufficiency of the evidence carries the burden of illustrating why the evidence insufficiently supports the verdict.  See State v. Freeman, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996).

This Court must determine if the state presented evidence sufficient for any rational trier of fact to conclude that the elements of the pertinent offenses were satisfied beyond a reasonable doubt.  One may commit assault by intentionally or knowingly causing another to "reasonably fear imminent bodily injury," Tenn. Code Ann. § 39-13-101(a)(2), and the offender's use or display of a deadly weapon may constitute aggravated assault, Tenn. Code Ann. § 39-13-102(a). "Robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear," Tenn. Code Ann. § 39-13-401(a), and an offender's using a deadly weapon may elevate a robbery offense to aggravated status, Tenn. Code Ann. § 39-13-402 (a)(1)-(2).  Finally, one who

> (1) [i]ntentionally engages in action or causes a result that would constitute an offense if the circumstances surrounding the conduct were as the person believes them to be; [or]
> (2) [a]cts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or
> (3) [a]cts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances

> surrounding the conduct as the person believes them to be, and
> the conduct constitutes a substantial step toward the commission
> of the offense

commits criminal attempt if they act with the culpability otherwise required for the offense. Tenn. Code Ann. § 39-12-101(a)(1)-(3).

The evidence clearly satisfies the essential elements of the offenses. The testimony, by two victims and by the service station clerk, and the police officers' apprehension of the appellant and their retrieval of property taken from Mrs. Warner supports the convictions. Although the appellant cites inconsistencies in the state's case, such as O'Neal's recalling two subjects exiting the vehicle, the trier of fact resolved these inconsistencies. This issue is without merit.

### Evidence of the Stolen Car

The appellant argues that the trial court erred by allowing evidence that the fleeing vehicle was stolen. Evidence of other crimes or wrongs is inadmissible to prove the character of an accused for purposes of establishing action in conformity with that particular trait, but such evidence may be otherwise admissible. Tenn. R. Evid. 404. The court must follow certain procedural safeguards when admitting such evidence. Prior to admitting the evidence, the trial court must, on request, hold a hearing outside the jury's presence and determine if a material reason, other than character issues, exists for presenting the evidence to the jury. Id. On request, the court must state on the record the material issue, the ruling, and the reasons for admitting the evidence. Id.

If these procedural requirements are met, this Court reviews Rule 404(b) issues under an abuse of discretion standard. See State v. DuBose, 953 S.W.2d 649, 652-53 (Tenn. 1997). The trial court, at a pretrial hearing, initially held the evidence inadmissible but reversed that ruling during a subsequent jury-out discussion with counsel. The fact that the vehicle was stolen became relevant because of the defendant's expressed intention to challenge his being

identified as the perpetrator. Absent the evidence, the jury might speculate that the defendant was the owner of the car and thus more likely to have been in the car. The trial court weighed the prejudicial effect against the relevancy of the evidence, as required by the Rules of Evidence. Further, the trial court contemporaneously limited application of the evidence. The trial court satisfied procedural requirements, and we do not find an abuse of discretion by the trial court. This issue is without merit.

*Jury Instruction--Criminal Responsibility, Facilitation, and Theory of Defense*

The appellant proposes that the trial court erroneously charged the jury regarding criminal responsibility. One is criminally responsible as a party to an offense "if the offense is committed by the person's own conduct, by the conduct of another for which the person is criminally responsible, or by both." Tenn. Code Ann. § 39-11-401; see also State v. James R. Lemacks, No. 01C01-9605-CC-00227 (Tenn. Crim. App. filed June 26, 1997, at Nashville). "[A]n accused's constitutional right to a jury necessarily entails a right that the jury be unanimous as to which offense constitutes the crime for which the defendant is convicted." State v. Williams, 920 S.W.2d 247, 257 (Tenn. Crim. App. 1995). "Problems with a unanimous jury verdict generally arise when the State fails to elect among different offenses." Id. However, criminal responsibility under the Code is not a statutory offense but rather "a legal theory of criminal liability by which a defendant may be convicted for an offense when there are multiple actors involved." State v. Gary Prude, No. 02C01-9711-CR-004255 (Tenn. Crim. App. filed Aug. 12, 1998).

The trial court did not charge the jury with the requested criminal responsibility instruction but did provide the relevant statutory definition. The trial court also rejected the defendant's proposed instruction regarding his theory of defense based on identification, but that court did advise the jury that guilty verdicts required their determining, beyond a reasonable doubt, that the

defendant was the person who committed the crimes. This Court should only invalidate a jury instruction if it, read as a whole, "fails to fairly submit the legal issues or misleads the jury as to the applicable law." State v. Phipps, 883 S.W.2d 138, 142 (Tenn. Crim. App. 1994). "When the trial judge gives instructions that correctly, fully, and fairly set forth the applicable law, it is not error to refuse to give a special requested instruction." State v. Bohanan, 745 S.W.2d 892, 897 (Tenn. Crim. App. 1987).

The defendant also claimed that the trial court erroneously failed to issue a jury charge regarding criminal responsibility for facilitation of a felony. The evidence presented to the jury indicates two defendants acting in concert with equal responsibility. They selected a vulnerable couple in a location and at a time conducive to a successful robbery, they fled from a police car before that vehicle even initiated a traffic stop, and one defendant hung from the vehicle and fired shots at the officer as the other defendant drove. Nothing in the record supports a conclusion that either defendant possessed any intent other than to commit armed robbery and to then escape arrest by any means possible. See Tenn. Code Ann. § 39-11-403. Although facilitation may be a lesser included offense of a greater charge, see State v. Hicks, 835 S.W.2d 32 (Tenn. Crim. App. 1992), failure to charge a lesser offense on a record clearly indicative of the greater offense and devoid of evidence permitting an inference of the lesser offense is not error, see State v. Stephenson, 878 S.W.2d 530, 551 (Tenn. 1994). We do not find the alleged error in the jury charge.

*Moral Certainty*

The trial court charged the jury with Tennessee Pattern Jury Instruction 2.03(a), instead of the defendant's requested Tennessee Pattern Jury Instruction 2.03, which incorporates a "moral certainty" component. No "particular form of words" are required in an instruction if the trial court "instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt."

-7-

Victor v. Nebraska, 511 U.S. 1,5 (1994) (addressing jury instruction requirements under the United State Constitution). "Moral certainty" is not required language in a jury instruction. See State v. Melvin Edward Henning, No. 02C01-9703-CC-00126 (Tenn. Crim. App. filed Oct. 24, 1997, at Jackson) (A panel of this Court concluded that lack of "moral certainty" language does not render Tennessee Pattern Jury Instruction 2.03(a) constitutionally deficient.). This issue is without merit.

### *The Credibility of Witness Statements*

The appellant further claims error in the trial court's denying his requests for Tennessee Pattern Jury Instruction 42.04(a). The appellant's brief states that because law enforcement officers provided "much" of the trial testimony, the credibility instruction was prejudicial to him. The appellant neither explains why the alleged portions of testimony prejudiced the jury, thus mandating the alternative instruction, nor how the alternative instruction would cure this prejudice. This issue is without merit.

### *Cumulative Error*

The appellant proposes that the alleged errors cumulatively constitute prejudicial error and thus mandate a new trial. As explained by the preceding, we do not agree with the defendant's assertions regarding error at his trial. This issue is without merit.

### *Consecutive Sentencing*

The appellant argues that the trial court erroneously imposed consecutive sentencing. See Tenn. Code An. § 40-35-401(a). When an accused challenges the length or manner of service of a sentence, this Court reviews the record de novo "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is contingent on the record indicating both the lower

court's reasons for arriving at a sentencing decision and compliance with the statutory sentencing guidelines and principles. See State v. Wilkerson, 905 S.W.2d 933, 934 (Tenn. 1995). The appellant bears the burden of showing that the sentencing was improper. See Tenn. Code Ann. § 40-35-401(d) sentencing comm'n cmts; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996).

The record shows that the lower court heard the arguments from both the state and the defendant and evaluated these arguments before imposing sentence. This Court therefore applies the presumption of correctness in considering (1) the evidence received at trial and at the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any statutory mitigating or enhancement factors; (6) any statement made by the accused on his own behalf; and (7) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102,-103,-210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

The appellant correctly asserts that a trial court should not automatically impose consecutive sentences for defendants convicted of more than one offense. See Tenn. Code Ann. § 40-35-115(a). We agree with the trial court's finding that the defendant is "an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115 (b)(1)(2). The defendant's prior convictions record includes two Class D, four Class C, one Class E, and numerous misdemeanor convictions. Further, he "is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." Id. at (b)(1)(4). The applicable statute allows consecutive sentencing based on either of these findings. The Tennessee Supreme Court has ruled that a trial court must find two additional factors prior to imposing consecutive sentencing pursuant to a finding that a defendant is a "dangerous offender": that the "terms imposed are

reasonably related to the severity of the offenses committed and are necessary to protect the public from further criminal acts by the offender." State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). We would find that the record establishes these additional requirements. This issue is without merit.

## CONCLUSION

We AFFIRM the judgment below.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
THOMAS T. WOODALL, Judge