# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 26, 2011

## IN RE:  ALLYN HOOD D/B/A/ A-HOOD BONDING COMPANY

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S36,945     Robert H. Montgomery, Jr., Judge**

---

**No. E2010-02126-CCA-R3-CO - Filed July 18, 2011**

---

The appellant, Allyn Hood, is the owner of A-Hood Bonding Company and appeals the trial court's denial of a motion to add his son, Daniel Hood, as a bail bond agent in the Second Judicial District.  After our *de novo* review, we conclude that Daniel Hood meets all the statutory requirements to act as a bail bond agent.  Therefore, the trial court's decision to deny Daniel Hood's application as a bail bond agent is reversed, and this case is remanded to the trial court with instructions to add Daniel Hood as a bail bond agent in the Second Judicial District.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Gene Scott, Jonesborough, Tennessee, for the appellant, In re:  Allyn Hood d/b/a/ A-Hood Bonding Company.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; H. Greeley Wells, Jr., District Attorney General; and Barry P. Staubus, Deputy District Attorney General, for the appellee, State of Tennessee.

## OPINION

On June 16, 2010, the appellant filed a motion that Daniel Hood be added as a bail bond agent.  On June 18, 2010, the State filed a response opposing the motion.  On July 30, 2010, the trial court held a hearing and, at that time, considered the following:

I.   The testimony of the appellant who testified that Daniel Hood, his son, was

presently a student and football player at the University of Tennessee in Knoxville. Daniel made the "academic all SEC" for his first year. While he attended Knox Catholic High School in Knoxville, he was on the honor roll and played football, basketball, and ran track. In 2009, Daniel received the statewide award 'Mr. Football.' Mr. Hood acknowledged that his son had been adjudicated a delinquent in Sullivan County concerning his son's conduct at the age of thirteen. Mr. Hood testified that his son completed all programs required by law and that he felt comfortable in having him as an agent for his company. Mr. Hood concluded his testimony by stating that his son met all the requirements for a bondsman and had attended bonding school.

II. The affidavit of Daniel A. Hood indicating that he was twenty years old at the time of the hearing and further indicating that he was not prohibited by any statute or regulation in the state of Tennessee regarding his qualifications to be a bail bondsman.

III. Two exhibits indicating that Daniel Hood had been added as a bonding agent in the First and Third Judicial Districts.

IV. A letter from the Tennessee Bureau of Investigation indicating that, pursuant to a request for a criminal history record check on the individual named Daniel Allyn Hood, there was no Tennessee information found. This document was dated May 13, 2010, and was addressed to A-Hood Bonding, which made the request.

V. The State's written response that opposed adding Daniel Hood as an agent on the grounds that the delinquent act which he had been adjudicated as committing, if committed as an adult, would constitute the felonies of kidnapping and aggravated rape.

VI. A copy of *State v. Daniel Allyn Hood*, 221 S.W.3d 531 (Tenn. App. 2006), which contains a description of the delinquent act committed by Daniel Hood.

After hearing all the evidence and arguments of counsel, the trial court found that, based upon the nature of the offense, the time when it occurred, and the brevity of the period since the decision of the Court of Appeals, it was not appropriate at that time to authorize that Daniel Hood be a bail bond agent. The trial court stated that it would consider Mr. Hood in the future and that his success as being a bonding agent in the First and Third Judicial

Districts would be considered favorably by the trial court. The trial court indicated that its denial was, in part, because the delinquent act was committed in this judicial district (as opposed to the First and Third Judicial District) and that a large amount of publicity had attended to the proceedings.

Analysis

Both the appellant and the State contend that this appeal should focus upon whether the trial court abused its discretion when it denied the application to add Daniel Hood as a bail bond agent. As would be expected, the appellant argues that the trial court abused its discretion by relying upon the fact that Daniel Hood committed the delinquent act when he was thirteen years old. The State, on the other hand, argues that the trial court was well within its discretion to consider the facts underlying the juvenile delinquency adjudication and, although Mr. Hood meets all of the statutory requirements to act as a bondsman, properly denied adding Mr. Hood as a bail bond agent.

Our review of this case leads us to conclude that both parties assert the wrong standard of review applicable in this case. We are not to consider whether the trial court abused its discretion in this matter. Rather, our review is mandated by and set out in Tennessee Code Annotated section 40-11-125(d), which provides that "[a]ny participant for approval whose application has been denied, withheld, suspended or revoked shall have the right of appeal to the next highest court having criminal jurisdiction, and the appeal shall be heard *de novo*."

In conducting our *de novo* review, we conclude, as the State concedes, that Daniel Hood meets all the qualifications necessary to be a bail bond agent in this state. The issue we must decide is whether or not a juvenile adjudication of delinquency should act to bar Mr. Hood from becoming a bail bond agent in the Second Judicial District.

First, we note that juvenile proceedings are not "criminal prosecutions." *See Childress v. State*, 179 S.W. 643, 644 (1915) (recognizing that "proceedings before a juvenile court do not amount to a trial of the child for any criminal offense" and that "the proceedings in a juvenile court are entirely distinct from proceedings in the courts ordained to try persons for crime"). As stressed by our supreme court in *State v. Burns*, 205 S.W.3d. 412 (Tenn. 2006), "the system for dealing with juvenile offenders as juveniles is separate and distinct from the criminal justice system."

Second, Tennessee Code Annotated section 37-1-101(a) (2) provides that one of the purposes of juvenile proceedings is to "remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior and substitute therefor a

-3-

program of treatment, training and rehabilitation."

Third, the general rule regarding admissibility of juvenile adjudications was stated by our supreme court in *Biscan v. Brown*, 160 S.W.3d 462, 469 (Tenn. 2005), when it stated that, "as the court of appeals recognized, however, juvenile adjudications are generally inadmissible outside juvenile court." Tennessee Code Annotated section 37-1-133(b) (2001) provides that:

> the disposition of a child and evidence adduced in a hearing in juvenile court may not be used against such child in any proceeding in any court other than a juvenile court whether before or after reaching majority, except in dispositional proceedings after conviction of a felony for the purpose of a pre-sentence investigation and report.

Although this rule has been interpreted to permit admission of juvenile adjudications for purposes of criminal sentencing, *see State v. Stockton*, 733 S.W.2d 111, 112-13 (Tenn. Crim. App. 1986), its plain terms clearly bar the introduction for other purposes. *See, e.g., Planned Parenthood of Middle Tenn. v. Sundquist*, 38 S.W.3d 1, 24 (Tenn. 2000) ("[W]hen the words of a statute are plain, clear, and unambiguous, we merely look to the statute's plain language to interpret its meaning.").

From the above, we conclude that allowing a juvenile adjudication of delinquency to act as a bar to Daniel Hood becoming a bail bond agent would undermine the stated policy set out in Tennessee Code Annotated section 37-1-101(a)(2) and would violate the express language contained in Tennessee Code Annotated section 37-1-133(b).

Conclusion

This case is remanded to the trial court with instructions to add Daniel Hood as a bail bond agent in the Second Judicial District.

_____
JOHN EVERETT WILLIAMS, JUDGE