STATE OF TENNESSEE *v.* SHERMAN MCADAMS.

*(Nashville,* December Term, 1954.)

Opinion filed March 11, 1955.

KNOX BIGHAM, Assistant Attorney General, for the State.

W. S. FLEMING, of Columbia, for defendant in error.

Neil, Chief Justice, dissented.

Mr. Justice Tomlinson delivered the opinion of the Court.

The charge in the indictment is this:

"That Sherman McAdams heretofore, to-wit: On the 4th day of December, 1953 in the State and County aforesaid, did unlawfuly drive a certain motor vehicle, to-wit: an automobile, along and over the public roads and highways of said County and State, carelessly and heedlessly, in willful and wanton disregard to the rights or safety of others, and without due caution and circumspection, at a speed and in a manner so as to endanger or be likely to endanger the life, limb or property of any person" * * *.

McAdams moved to quash this indictment on the ground that it does not inform him of the nature of the accusation sufficiently to enable him to prepare his defense, or to be of value as a bar to future prosecution.

From the action of the Court in sustaining this motion

the State has appealed.

The offense intended to be charged in the indictment is the misdemeanor created by the statute carried in Section 2700.2 of the Code Supplement. While the language of the indictment is not identical with the language of this code section, it is in substance identical. Thus, we should consider the question made on the premises that the charge follows the language of the statute.

■ The general rule is that indictments charging a misdemeanor are sufficient to meet the requirements of notice and of former jeopardy if the language in that indictment follows the language of the statute.

■ But where any one of several acts may constitute the offense under the general language of the statute the act or acts which the defendant is supposed to have committed in violation of the statute should be averred. *State v. Crockett,* 137 Tenn. 679, 682, 195 S. W. 583.

■ We think the Trial Judge and counsel for Mr. McAdams, in concluding that this indictment is too indefinite to be valid, overlooked the fact that it specifically charges defendant with driving his automobile at a reckless speed, the language of the indictment being that he drove this automobile ''at a speed and in a manner so as to endanger or be likely to endanger the life'' etc., of persons on the highway. Hence, in the opinion of this Court, the charge in the indictment is sufficiently definite to meet the objections made by the motion to quash.

In *Guidi* v. *City of Memphis,* 263 S. W. (2d) 532, 533, Guidi was charged in a city warrant with '' 'the offense of Vio. Sec. 1683 Exceeding the Speed Limit within the City of Memphis.' '' This Court, in response to the insistence that the warrant was void for indefiniteness, held that the charge thus stated in the warrant ''is a clear and intel-

ligible statement of a fact, i. e. that the defendant was violating the traffic laws of the City of Memphis and named a specific offense.'' So in the instant case, the indictment clearly charges defendant with violating Section 2700.2 of the Code Supplement and named the specific act by reason of which this code section was violated, to wit, driving at a reckless speed on a public road in Maury County.

We have not been able to find any Tennessee case dealing with the exact question on similar facts other than the Guidi case, supra, which, by analogy, is directly in point. However, cases from other states dealing with the sufficiency of the indictments charging in general terms the commission of the misdemeanor created by our Code Section 2700.2 are gathered in *People* v. *Green,* 368 Ill. 242, 13 N. E. (2d) 278, 115 A. L. R. 357 et seq. An examination of those cases discloses the fact that perhaps a majority of the Courts sustain the validity of an indictment charging this offense in the language of the statute. There are others, however, which hold to the contrary. But in no case where there is a specific act alleged, such as driving at a reckless speed, is it held, in so far as we have found, that the indictment was invalid for vagueness.

The judgment of the lower Court will be reversed and costs of the appeal adjudged against McAdams, and the cause remanded.

NEIL, Chief Justice, dissents.