STATE OF TENNESSEE

*v.*

MARVIN H. HUGHES.

371 S. W. 2d 445.

(*Nashville*, December Term, 1962.)

Opinion filed October 11, 1963.

JACK NORMAN, Nashville, for plaintiff in error.

GEORGE F. MCCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, Nashville, for the State.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The defendant in error, Marvin H. Hughes, who will hereinafter be referred to as the defendant, was charged under the following indictment:

"* * * did drive a motor vehicle upon a public highway of Davidson County, to wit: McGavock Pike, in wilful or wanton disregard for the safety of persons or property upon said highway, by driving said vehicle to his left across a yellow stripe in said highway, against the peace and dignity of the State of Tennessee."

Hughes moved to quash the indictment and his motion assigned three grounds: (1) that the indictment does not charge an offense against the laws of this State; (2) that the indictment is duplicitous and impossible to understand; and (3) that the indictment seeks to charge the defendant with two separate misdemeanors. The trial court sustained the motion and quashed the indictment. From the action of the lower court in sustaining the defendant's motion, the State has appealed in error to this Court.

In effect, the defendant contended in his motion that the indictment was invalid for two reasons; (1) that the indictment charged two distinct and different offenses in

one count, and (2) that the indictment did not charge an offense against the laws of this State. These grounds will be examined in the order stated.

██ In *State v. McAdams,* 198 Tenn. 55, 277 S.W.2d 433 (1955), this Court held that an indictment containing the general allegations of the statutory offense in the language of the statute and in addition the act or acts which the defendant is alleged to have committed in violation of the statute, is not banned for duplicity. We think that this case is sufficient to dispose of the defendant's first ground and the defendant in his brief admits, in effect, that this is the case.

█ The gist of the defendant's second ground of the motion to quash is that the specific act alleged in the indictment—''by driving said vehicle to his left across a yellow stripe in said highway''—does not charge an offense against the laws of this State. We think that this ground is well taken.

██ This Court has said, on a number of occasions, that the degree of strictness required in an indictment for a felony is not required in the case of a misdemeanor. *Sanderlin v. State,* 21 Tenn. 315 (1814) ; *Estep v. State,* 183 Tenn. 325, 192 S.W.2d 706 (1946). While the same degree of strictness is not required in a misdemeanor indictment, such an indictment must still allege the commission of an offense. The rule is well stated in Wharton's Criminal Law and Procedure, Anderson, Vol. 4, sec. 1760:

''* * * * if the facts alleged do not constitute such an offense within the terms and the meaning of the law or laws on which the accusation is based, or *if the facts alleged may all be true and yet constitute no offense, the indictment is insufficient.*'' (Emphasis supplied.)

648

██ This Court judicially knows that it is not always a violation of the law of this State to drive "to his left across a yellow stripe". This would be the case, for instance, if the yellow stripe is on the left of the center line and no such yellow stripe appears to the right of the center line. A motorist does not violate any law of this State when he drives to the left across such a yellow stripe.

██ One of the purposes of the indictment is to give the defendant notice of the offense with which he is charged *Stanfield v. State,* 181 Tenn. 428, 181 S.W.2d 617 (1944); *Estep v. State,* supra; Wharton's Criminal Law and Procedure, Anderson, Vol. 4, sec. 1724. If, as here, no offense is charged, one of the main reasons for an indictment is not satisfied, and the indictment is invalid.

██ The objects of an indictment are well stated in Wharton's Criminal Law and Procedure, Anderson, Vol. 4, sec. 1724, at page 506, thus:

"The objects of an indictment are (1) to furnish the accused such a description of the charge against him as will enable him to make his defense and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause, and (2) to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction if one should be obtained. A lawful accusation is an essential element of a common-law trial by jury, either upon indictment for felonies and capital offenses or by information for misdemeanors. Such an accusation is jurisdictional; without it there can be no valid prosecution."

Obviously, even though the indictment might be good as charging a violation of a certain named city ordinance or statute when the indictment proceeds in language stating what the basis of the indictment is, as here, and such a basis charges no violation of the law then the accusation against the violation of the statute is nullified.

Counsel for the State earnestly argues that even if we should find the designation "yellow stripe" in the indictment is not sufficient, the indictment can still be upheld under the authority of *State v. McAdams,* supra. It is contended that this case stands for the proposition that an indictment is sufficient when it merely charges a statutory offense in the language of the statute. Assuming, without deciding, that this is the rule set forth in that case, we do not feel that this indictment can be saved by reference to such a rule. The State has attempted to restrict itself to a specific violation of sec. 59-858, T.C.A. No other violation of the statute is alleged. When a specific violation of the statute is alleged and a specific allegation is defective, the State cannot rely on the general allegation in the indictment. The State is bound by its attempted restriction.

The judgment of the trial court must be affirmed.