**STATE of Tennessee, Appellee,**

v.

**Vaughn MORGAN, Appellant-Defendant.**

Court of Criminal Appeals of Tennessee.

Dec. 18, 1979.

Carl R. Ogle, Jr., Jefferson City, for appellant-defendant.

William M. Leech, Jr., Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, Alfred C. Schmutzer, Jr., Dist. Atty. Gen., Sevierville, Richard R. Vance, Asst. Dist. Atty. Gen., Newport, for appellee.

## OPINION

DUNCAN, Judge.

The defendant, Vaughn Morgan, appeals from a judgment of the Grainger County Circuit Court finding him guilty of driving an automobile while under the influence of an intoxicant. T.C.A. § 59–1031.

The charging instrument in this case was a state warrant, and the defendant was initially convicted of this offense in the Grainger County Sessions Court. He appealed his conviction to the circuit court where, after a trial de novo on the same warrant by the circuit judge, without the intervention of a jury, he was again convicted.

■ It was the State's theory that the defendant was guilty of driving while intoxicated because, even though he was only a passenger in the automobile, he had permitted another intoxicated person, Wendell McCann, to drive the vehicle. Under some circumstances, a passenger who permits an intoxicated person to drive his vehicle, may, as an aider and abettor, be convicted of the offense of driving while intoxicated. *Williams v. State*, 209 Tenn. 208, 352 S.W.2d 230 (1961).

Nevertheless, we find that we are unable to reach the merits of this appeal because the defendant's conviction must be reversed for two reasons appearing on the face of this record, namely: (1) the defendant was prosecuted upon a void warrant, and (2) he did not waive, in writing, his right to be tried on an indictment and by a jury.

First, the warrant in this case does not charge this defendant with any offense. The warrant alleges, in part, that:

". . . on or about Oct. 1th, 1978, the offense of D.W.I. to wit: Checked Subject He Had a Windell McCann Driving His Vic. Subject Tested .126% on Breath Annalyzer has been committed in the State and County aforesaid and charging Vaughn Morgan thereof." (sic).

■ While the degree of strictness required in a felony indictment (warrant) is not required in the case of a misdemeanor, still an indictment (warrant) for a misdemeanor must allege the commission of an offense. *State v. Hughes*, 212 Tenn. 644, 371 S.W.2d 445 (1963).

■ A lawful accusation is an essential jurisdictional element of a criminal trial, without which there can be no valid prosecution. *State v. Hughes, supra.*

■ No valid conviction can be had upon a void warrant or indictment. Criminal prosecutions cannot be sustained by intendment, but everything necessary to constitute the offense must be charged. *Church v. State*, 206 Tenn. 336, 333 S.W.2d 799 (1960).

"Conviction upon a charge not made would be sheer denial of due process." *De Jonge v. State of Oregon*, 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed.2d 278 (1937).

■ In addition to the other obvious deficiencies appearing on the face of this warrant, there is no allegation that McCann was driving the automobile while intoxicated. The offense of driving while intoxicated is not sufficiently alleged by merely averring that the defendant had someone else, who is not alleged to be intoxicated, driving his vehicle. Unquestionably, this warrant charges no offense against this defendant and is therefore void.

Next, this record affirmatively shows that the defendant did not execute the form waiver appearing on the state warrant, nor is there any other writing in this record signed by him whereby he waived his right to an indictment and trial by a jury.

In all (except small) criminal offenses, the rights to be proceeded against only by indictment or presentment and to a trial by jury are grounded upon provisions of Tenn. Const., art. 1, §§ 6, 14. These constitutional rights may be relinquished only by a valid written waiver. *See Rule 5(c)(2), Tenn.R. Crim.P.; see also* T.C.A. § 40–118 (1975).

Driving an automobile while under the influence of an intoxicant is a misdemeanor, T.C.A. § 59–1031, and before the defendant could have been legally convicted by a judge, without a jury, a written waiver of an indictment and jury trial was mandatory.

With these plain constitutional errors showing on the face of this record, we cannot permit this judgment to stand. *Rule 52(b), Tenn.R.Crim.P.*

The judgment of the trial court is hereby reversed and the warrant is dismissed.

WALKER, P. J., and CORNELIUS, J., concur.