STATE of Tennessee, Appellee,

v.

Wayne M. TRUSTY, Appellant.

Supreme Court of Tennessee,
at Jackson.

March 25, 1996.

A.C. Wharton, Jr., District Public Defender and Walker Gwinn, Assistant Public Defender, for Appellant.

Charles W. Burson, Attorney General & Reporter, Michael E. Moore, Solicitor General, William David Bridgers, Assistant Attorney General, John W. Pierotti, District Attorney General, and Judson W. Phillips, Assistant District Attorney General, for Appellee.

1. According to Bell's testimony, he and Trusty have resolved their differences and carry no grudge or hard feelings against each other. Bell

## OPINION

WHITE, Justice.

The question in this case is whether one indicted for attempted first-degree murder may be convicted of aggravated assault. Aggravated assault, as defined in Tennessee Code Annotated Section 39–13–102, is neither a lesser grade or class of attempted first-degree murder nor a lesser included offense of first-degree murder. Under Tennessee law, a conviction for an unindicted offense that is not a lesser degree of the offense charged or a lesser included offense may not stand. For the reasons discussed below, we reverse the judgment of the Court of Criminal Appeals and reverse appellant's conviction.

### FACTS

Appellant, Wayne Trusty, and the victim, Hunter Bell, had been neighbors for about seven years. Until the summer of 1992, the two men were friends.[1] At the time of the offense, Bell, an over-the-road truck driver, was not living with his wife and children regularly. Occasionally, Trusty gave money to Bell's wife when she was in need. A friend of Trusty's, Walter Melton, used Trusty's car to take Bell's mother-in-law and other neighbors to work or to appointment when the need arose.

At some point, a disagreement of uncertain origin arose between Bell and Trusty. Bell may have believed that Trusty was having an affair with his wife. The dispute may have concerned a tent that Trusty allegedly borrowed from Bell. In any event, Bell's stepson visited Trusty twice on August 30, 1992, and spoke to him about the disagreement between the two men. During the early evening hours of that day, Bell came to his wife's home and parked his truck at the curb.

Trusty, who walked with a cane due to a disabling back condition, left his house, picking up a baseball bat that Bell's children had left lying in his driveway. He crossed the street, stood in front of the Bell home, and

testified that he had asked the state to dismiss the prosecution against Trusty but the state refused.

called to Bell to come out and talk to him. According to Trusty, he was leaning on the bat since he had not brought his cane with him.[2] Bell said that Trusty was brandishing the bat as a weapon. After a heated exchange, Bell jerked the bat away from Trusty. Trusty either lost his balance or was pushed backward against the truck striking his back at least once. He fell to the ground and, at first, was unable to rise. He rolled over and crawled under the truck and out the other side. The he got to his feet and crossed the street to his house.

Trusty entered his house and emerged with a 12 gauge shotgun loaded with bird shot. Bell was still standing near the truck holding the bat. Both men ran around the truck. Trusty reversed directions, and when he was about 20 to 30 feet away from Bell, fired the shotgun once. Bell and other state witnesses testified that the shotgun was pointed directly at him when Trusty fired. Trusty and other neighbors testified that the shotgun was angled down at the ground when he fired. The defense admitted a photograph showing where shotgun pellets had been fired into the pavement in front of Bell's house.

After the shooting, Trusty went back to his house. Melton drove up, Trusty jumped into the car, and the two men left. Moments later they returned to the scene. At the emergency room, twenty-three pellets were removed from Bell's chest and face. He was not hospitalized. Although Trusty testified that he threw the shotgun in the bushes near his front door, the weapon was never found.

Trusty was indicted on a single count of criminal attempt to commit first-degree murder. At trial, the defense admitted that Trusty fired the shot that wounded Bell, but contended that the act was in self-defense without any intent to kill. At the close of trial, the judge instructed the jury on attempts to commit first-degree murder, second-degree murder, voluntary manslaughter, and criminally negligent homicide. On the

theory that they were lesser included offenses, the trial judge also instructed the jury on aggravated assault and assault.

Neither the state nor the defense objected to the jury instructions. Further, the defense did not request an instruction on the sentencing ranges. The jury found appellant guilty of aggravated assault. After a sentencing hearing, the trial court sentenced Trusty to twelve years as a persistent offender.[3] After the trial court denied the motion for a new trial, defense counsel withdrew and the trial court appointed the Shelby County Public Defender to serve as counsel on appeal.

Counsel first raised the propriety of the conviction for aggravated assault in Trusty's appeal to the Court of Criminal Appeals. In a split decision, the intermediate court affirmed the conviction. The majority held that although the indictment did not allege aggravated assault, the conviction could stand based on the following language in *State v. Hicks*, 835 S.W.2d 32, 36 (Tenn.Crim. App.), *perm. to appeal denied*, (Tenn.1992):

> Where the jury is instructed that an offense is a lesser included offense of that charged in the indictment, whether it be or not, a conviction on such lesser offense may stand where the evidence shows the greater offense was committed.

The dissent, however, suggested that a conviction for an offense that is neither charged in the indictment nor properly classified as a lesser included offense conflicts with this Court's holdings in *Howard v. State*, 578 S.W.2d 83, 85 (Tenn.1979) and *McLean v. State*, 527 S.W.2d 76, 82 (Tenn.1975), and violates the notice requirement of the Sixth Amendment. U.S. Const. amend. VI.

We granted appellant's permission to appeal to determine whether a conviction for an uncharged offense that is neither a lesser grade or class nor necessarily included in the charged offense may stand in circumstances in which sufficient evidence supports the conviction. We hold that it cannot.

---

**2.** Trusty weighs approximately 130 pounds. Bell weighs in excess of 200 pounds. Trusty's physician testified that Trust was seriously disabled and was unable to lift more than five pounds for any period of time.

**3.** Trusty's prior record includes several convictions for burglary and attempted burglary.

## ANALYSIS

Tennessee court have long followed these fundamental precepts: first, the state must give an accused adequate notice of the offenses charged; second, the indictment must allege facts as to each essential element of the offense; and third, a valid indictment is a jurisdictional prerequisite to a valid prosecution. In accordance with these basis constructs, we hold that an accused may not be convicted for an offense that is neither a lesser grade or class of the offense charged nor one necessarily included in the indictment even if the record contains sufficient evidence of the convicted offense.

### I. Constitutional Requirements

■ First, we consider the reasons for and the requirements of a valid indictment. Fair and reasonable notice of the charges against an accused is a fundamental constitutional requirement. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. Our state constitution requires that those accused in criminal prosecutions be informed of the "nature and cause of the accusation" against them. Tenn. Const. art. I, § 9; *Warden v. State,* 381 S.W.2d 244, 245 (Tenn.1964); *State v. Perkinson,* 867 S.W.2d 1, 5 (Tenn.Crim.App. 1992), *perm. to appeal denied,* (Tenn.1993). The United States Constitution contains a similar guarantee. U.S. Const. amend. VI. Convicting a person of a crime which is not raised by the indictment and is not a lesser included offense denies an accused the right to notice of the nature and cause of the accusation. *Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 418–19, 76 L.Ed. 861 (1932).

■ In addition to constitutional notice requirements, due process guarantees that the accused will have a fair opportunity to defend against the charges. A person who is convicted without receiving fair and reasonable notice of the specific charges is denied due process under the Fifth and Fourteenth Amendments to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307, 314, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560 (1979); *Cole v. Arkansas,* 333 U.S. 196, 201, 68 S.Ct.

514, 517, 92 L.Ed. 644 (1948); *De Jonge v. Oregon,* 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278 (1937); *Olsen v. McFaul,* 843 F.2d 918 (6th Cir.1988); *State v. Morgan,* 598 S.W.2d 796, 797 (Tenn.1979).

■ These notions of due process embraced by the United States Constitution are incorporated into Tennessee's "Law of the Land Clause." It guarantees that "no man shall be … deprived of his life, liberty, or property, but by … the law of the land." Tenn. Const. art. I, § 8. The two provisions are synonymous. *State ex rel. Anglin v. Mitchell,* 596 S.W.2d 779, 786 (Tenn.1980), *Daugherty v. State,* 216 Tenn. 666, 393 S.W.2d 739, 743 (1965). A conviction obtained in violation of the reasonable notice provision required by article I, section 9 of the Tennessee Constitution violates due process under our Law of the Land Clause.

■ To satisfy constitutional notice requirements, an indictment or presentment must provide notice of the offense charged, an adequate basis for the entry of a proper judgment, and suitable protection against double jeopardy. *State v. Byrd,* 820 S.W.2d 739, 741 (Tenn.1991); *State v. Lindsay,* 637 S.W.2d 886, 890 (Tenn.Crim.App.1982). The indictment must contain factual allegations relating to every essential element of the offense. *State v. Morgan,* 598 S.W.2d 796, 797 (Tenn.Crim.App.1979). The facts must be stated in ordinary and concise language so that a person of "common understanding" will know what is intended. *Warden v. State,* 214 Tenn. 391, 381 S.W.2d 244, 245 (1964); *State v. Lindsay,* 637 S.W.2d at 890.

In summary, an indictment has three purposes in Tennessee. First, it must inform defendant of the precise charges. Second, it must enable the trial court upon conviction to enter an appropriate judgment and sentence; and, last, it must protect defendant against double jeopardy.

■ Since a lawful accusation is a prerequisite to jurisdiction, a prosecution cannot proceed without an indictment that sufficiently informs the accused of the essential elements of the offense.[4] *State v. Morgan,* 598

---

4. In its brief to the intermediate appellate court, the state argued that appellant had waived this

S.W.2d at 797. A judgment based on an indictment that does not allege all the essential elements of the offense is a nullity. *Warden v. State,* 381 S.W.2d at 245; *McCracken v. State,* 489 S.W.2d 48, 53 (Tenn.Crim.App.), *cert. denied,* (Tenn.1972).

■ An indictment must be drafted carefully so that it accurately reflects the essential elements of the offense. A defendant cannot be legally convicted of an offense which is not charged in the indictment or which is not a lesser included offense embraced in the indicted charge. *State v. Lampkin,* 619 S.W.2d 520 (Tenn.1981); *McLean v. State,* 527 S.W.2d 76 (Tenn.1975); *State v. Morris,* 788 S.W.2d 820 (Tenn.Crim. App.), *perm. to appeal denied,* (Tenn.1990); *State v. Lindsay,* 637 S.W.2d 886 (Tenn. Crim.App.1982). As a result, unless aggravated assault is either a lesser grade or class or lesser included offense of attempted first-degree murder as alleged in the indictment, appellant's conviction must be reversed.

## II. Lesser Offenses

Tennessee law recognizes two types of lesser offenses that may be included in the offense charged in an indictment and, may, therefore, form the basis for a conviction: a lesser grade or class of the charged offense and a lesser included offense. The two, though similar, are not synonymous. Consequently, confusion may arise from a failure to distinguish between the two.

Since the 19th century, our legislature has required trial judges "in cases of criminal prosecution for any felony wherein two (2) or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so." Tenn.Code Ann. § 40–18–110 (1990 Repl.). Today, the grades or classes of any offense are established by statute. For instance, in Tennessee Code Annotated Sections 39–13–201 through 213, the legislature had divided

criminal homicide into the grades of first-degree murder, second-degree murder, voluntary manslaughter, criminally negligent homicide, and vehicular homicide. Sections 39–13–301 through 306 establishes varying degrees of false imprisonment and kidnapping. Assault crimes are classified in Sections 39–13–101 through 106. One need only look to the statutes to determine whether a given offense is a lesser *grade or class* of the crime charged. By statute, a defendant charged with an offense is entitled to a jury instruction on lesser grades or classes of the charged offense supported by the evidence.

■ A lesser offense "necessarily included in the indictment," defined by Tennessee case law, is not identical to a lesser grade or class of an offense referred to in Section 40–18–110. Rule 31(c) of the Tennessee Rules of Criminal Procedure provides that a "defendant may be found guilty of an offense *necessarily included* in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense." Tenn. R.Crim.P. 31(c) (emphasis added). Additionally, case law establishes a defendant's right to a jury instruction on all lesser included offenses where "any facts ... are susceptible of inferring guilt of any lesser included offense." *State v. Wright,* 618 S.W.2d 310 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1981).

■ Generally, an offense qualifies as a lesser included offense only if the elements of the included offense are a subset of the elements of the charged offense and only if the greater offense cannot be committed without also committing the lesser offense. *Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 1450–51, 103 L.Ed.2d 734 (1989). After careful consideration of standards applied in other jurisdictions, this Court adopted the following test:

> [A]n offense is necessarily included in another if the elements of the greater offense, as those elements are set forth in

issue by not objecting at trial and by omitting the issue from the motion for new trial. This argument overlooks the fact that jurisdictional defects in an indictment "shall be noticed by the court at any time during the pendency of the proceed-

ings." Tenn.R.Crim.P. 12(b)(2). In addition, an appellate court must determine "whether the trial and appellate court have jurisdiction over the subject matter, whether or not the issue is presented for review." Tenn.R.App.P. 13(b).

the indictment, include but are not congruent with, all the elements of the lesser. *Howard v. State,* 578 S.W.2d 83, 85 (Tenn. 1979). In other words, the lesser offense may not require proof of any element not included in the greater offense as charged in the indictment.[5]

■ The difference between an offense of "lesser grade or class" and one that is "lesser included" is readily apparent by simple example. Voluntary manslaughter is a lesser grade of first-degree murder under Tennessee statutes. A defendant charged with murder may be entitled to a jury instruction on voluntary manslaughter in cases in which the evidence could support a conviction. *See State v. Mellons,* 557 S.W.2d 497, 499 (Tenn. 1977); *State v. Davis,* 751 S.W.2d 167, 170 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1988). Voluntary manslaughter is not, however, a "lesser included" offense of first-degree murder under the *Howard* test. Voluntary manslaughter, unlike first-degree murder, requires proof that the offense was committed in "a *state of passion* produced by *adequate provocation* to lead a reasonable person *to act in an irrational manner.*" *Compare* Tenn.Code Ann. § 39–13–211(a) (1991 Repl.) (emphasis added) *with* Tenn. Code Ann. § 39–13–202(a)(1) (1995 Supp.). Therefore, under the *Howard* test, voluntary manslaughter is not a lesser included offense of first-degree murder. It is, however, a lesser grade of first-degree murder. In a case like this, for example where defendant claims adequate provocation and self-defense and the state alleges premeditation and deliberation, defendant is entitled to a jury instruction on attempted first-degree murder and attempted voluntary manslaughter, not because the latter is a lesser included offense of the former but because it is a lesser grade of the former.[6]

Thus, pursuant to our statute, rule, and case law interpretations, defendants are entitled to jury instructions on all lesser included offenses as defined in *Howard* and on all offenses which are a lesser grade or class of the charged offense, if the evidence would support a conviction for the offense. The authorizing statute and rule ensure that each defendant has fair and reasonable notice of the charges and an opportunity to defend against them. It preserves a defendant's right to an instruction on all lesser offenses necessarily included in the offense charged in the indictment unless there is no proof in the record which would support the instruction. It allows the jury to consider all relevant offenses in determining the appropriate offense, if any, for conviction.

Though we acknowledge that previous decisions have failed to articulate the distinction between lesser included offenses and offenses of lesser grades and classes, choosing instead to repeat routinely the phrases, the distinction is apparent in the holdings and is mandated by principles of fairness. To disallow consideration of any but lesser included offenses by the jury would deprive the jury, in any case factually similar to this one, from considering the defense theory of the case. Allowing consideration of the lesser included offenses and the offenses of lesser grades and classes, if the evidence supports guilt on those offenses, more evenly balances the rights of the defense and the prosecution and serves the interests of justice.

### III. Application

■ We must now determine whether aggravated assault, the convicted offense in this case, is either a lesser grade or class or a lesser included offense of attempted first-degree murder. Aggravated assault is not a lesser grade or class of first-degree murder. Assault crimes are codified in Part 1, Section 13 of Title 39 under the heading "Assaultive Offenses." Included in that section are assault, aggravated assault, and vehicular assault. Tenn.Code Ann. §§ 39–13–101—106

---

5. A trial judge, however, need only instruct on lesser offenses in circumstances in which evidence in the record would support a conviction for the lesser offenses. *Johnson v. State,* 531 S.W.2d 558 (Tenn.1975); *Owen v. State,* 188 Tenn. 459, 221 S.W.2d 515 (1949); *Powers v. State,* 117 Tenn. 363, 97 S.W. 815 (1906).

6. Seldom will whether a given offense is a lesser grade of the charged offense present any difficulty. The answer is implicit in the statutory scheme.

(1990 Repl. & 1995 Supp.). Part 2 of section 13 contains the various grades and classes of criminal homicide. Tenn.Code Ann. §§ 39–13–201—213 (1990 Repl. & 1995 Supp.). Assault is a separate and distinct crime and is not a lesser grade or class of murder under Tennessee law. *See Blankenfeld v. Clarke,* 753 F.Supp. 1498, 1505–1506 (D.Neb.1990) (Nebraska's statutory scheme creates two separate offenses).

■ In circumstances in which an attempt is charged, Section 40–18–110(a) requires that the trial judge instruct the jury on the attempt of lesser grades or classes of the offenses allegedly attempted for which there is support in the record. Rule 31(c) of the Tennessee Rules of Criminal Procedure requires an instruction on attempt to commit the lesser included offenses if the record supports the instruction. Consequently, in an attempted first-degree murder case, the judge must instruct the jury on the lesser included offenses supported by the proof and the offenses which are lesser grades or classes. Aggravated assault is neither.

■ Attempt is an inchoate crime. It occurs when a person, who possesses the intent to commit a designated offense and whose actions, are "strongly corroborative of criminal intent, fail[s] to achieve the criminal objective intended." Sentencing Comm'n Comments, Tenn.Code Ann. § 39–12–101 (1991 Repl.). While under the attempt statute *any* action taken may corroborate an intent to commit *the offense charged,* Tenn. Code Ann. § 39–12–101(a)(3) (1991 Repl.), it does not necessarily follow that *any* action of the accused proven at trial justifies a conviction for an uncharged offense, i.e., attempt, that is not a lesser grade or class of the offense charged.

■ Aggravated assault is not an inchoate crime. It is an offense carried to completion. An attempt to commit a given offense, in this case, first-degree murder is, by definition, a separate and distinct crime from the completed offense. Therefore, the completed offense of aggravated assault is not a lesser grade or class of the inchoate crime of attempted first-degree murder.

■ The remaining question is whether aggravated assault is a lesser included offense of attempted first-degree murder as charged in this indictment. The indictment alleges that Trusty

on August 30, 1992, in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully attempt to commit the offense of Murder First Degree, as defined in T.C.A. 39–13–202, in that he, the said Wayne Trust, did unlawfully, intentionally, deliberately and with premeditation attempt to kill Hunter Bell, in violation of T.C.A. 39–12–101, against the peace and dignity of the State of Tennessee.

This indictment alleges the essential elements of attempted first-degree murder and could thus form the basis for a conviction, if the evidence is sufficient for that offense, for any offenses which are lesser grades or classes of attempted first-degree murder (which aggravated assault is not) or for any lesser included offenses of attempted first-degree murder.

Under our statutes, aggravated assault requires proof of an assault combined with specified aggravating circumstances such as serious bodily injury or use or display of a deadly weapon. *See* Tenn.Code Ann. § 39–13–101, 102(a)(1) (1991 Repl.). On its face, this indictment is insufficient to allege any of the forms of aggravated assault defined in the statutes. Rather, the indictment alleges an intentional, deliberate, and premeditated attempt to kill. It contains no reference to serious bodily injury or the use or display of a deadly weapon. Since all essential elements of an offense must be alleged in the indictment, *Warden v. State,* 381 S.W.2d at 245; *State v. Marshall,* 870 S.W.2d 532, 537 (Tenn.Crim.App.1993), this indictment which alleges none of the essential elements of aggravated assault cannot form the basis for an aggravated assault conviction.

■ It has been argued that, although the necessary elements of aggravated assault are not specifically alleged in the indictment, the use of a deadly weapon is implicit in any charge of attempted first-degree murder. We agree that in some instances, where an element is implicit although not specifically stated in an indictment, a conviction may be

sustained. *See Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 418–19, 76 L.Ed. 861 (1932); *State v. Marshall,* 870 S.W.2d 532, 538 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1993) (indictment for possession of cocaine with intent to sell necessarily implies that it was a knowing possession). We are convinced, however, that the use of a deadly weapon is not necessarily implied in the charge of attempted first-degree murder. Premeditated murder may be attempted in any number of ways that does not involve weapons or serious bodily injury.[7] An indictment that charges a generic attempt to commit intentional, deliberate, and premeditated murder does not necessarily imply the essential elements of aggravated assault.

Before the Court of Criminal Appeals, the state relied on *State v. Hicks* and contended that even though aggravated assault is not a lesser included offense defined by *Howard,* the conviction may be affirmed. *State v. Hicks,* 835 S.W.2d 32 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1992). The state now concedes that the reliance was misplaced. In *Hicks,* defendants were indicted for first-degree murder, but were convicted of criminal facilitation of first-degree murder. The issue addressed was whether the evidence in the record was sufficient to support a conviction for criminal responsibility for facilitation of first-degree murder. *State v. Hicks,* 835 S.W.2d at 35. Concluding first that criminal facilitation can be a lesser included offense of a greater charge, *id.* at 36, the court implicitly found insufficient evidence to sustain a conviction on that offense, although all elements of first-degree murder were established. *Id.* Then, relying upon its reading of this court's holding in *State v. Mellons,* 557 S.W.2d 497 (Tenn.1977), the *Hicks* court held that "where the jury is instructed that an offense is a lesser included offense of that charged in the indictment, *whether it be or not,* a conviction on such lesser offense may stand where the evidence shows the greater offense was committed."

*State v. Hicks,* 835 S.W.2d at 36 (emphasis added).

Nothing in *Mellons* supports affirming a conviction for an uncharged offense that is neither a lesser included offense nor an offense that is a lesser grade or class of the charged offense. In *Mellons,* defendant was indicted on two counts of second-degree murder when two teenagers who were passengers in his car died as a result of his drunken driving. *State v. Mellons,* 557 S.W.2d at 498. The trial judge instructed the jury on the lesser grades of second-degree murder, that is, voluntary and involuntary manslaughter. The jury convicted defendant of two counts of voluntary manslaughter. *Id.* On appeal, defendant argued that no evidence supported a conviction for voluntary manslaughter which required proof that defendant had acted in the heat of passion. *Id.* at 499. This Court concluded that the evidence in the record was insufficient to support a conviction for second-degree murder. *Id.*

██ Thus, the issue addressed in *Mellons* was the effect of a jury instruction on a lesser included offense under circumstances in which the record contains insufficient evidence to support the conviction. The *Mellons* Court held that

> On appeal, a conviction of a lesser degree of the crime charged, or of a lesser included offense, will be upheld, even if there is no evidence in the record to establish the technical elements of that crime, if the evidence demands a conviction of a higher degree of homicide than that found by the verdict, and there is either no evidence in support of acquittal of the greater crime, or if there is, the verdict of the jury clearly indicates that the evidence in support of acquittal was disbelieved, on the theory that the defendant was not prejudiced by the charge and the resulting verdict.

557 S.W.2d at 499. In other words, a conviction for a lesser included offense will not be

---

7. One could, for example, unsuccessfully attempt murder by pushing someone out an open window or down a staircase. It is hard to conceive of an open window or a staircase as a deadly weapon even under the broad definition of that term found in Tennessee Code Annotated Section 39–11–106(a)(5) (1995 Supp.). Undoubtedly many other "weaponless" attempts could and do occur. Moreover, an attempted murder does not necessarily require either contact with the victim or bodily injury. A glass containing poison that remains untouched by the victim has caused no bodily injury whatsoever.

reversed due to insufficiency of the proof so long as the evidence supports a conviction on the greater offense since defendant will not be prejudiced by the verdict.[8]

In *Hicks,* as in *Mellons,* defendants were convicted of a lesser included offense. In both cases an essential element of the lesser offenses was not established. However, in *Hicks,* unlike *Mellons,* the evidence supported conviction on the greater offense. Therefore, defendant was not prejudiced by conviction of the lesser offense and the conviction was allowed to stand. In this case, defendant was convicted of an uncharged offense that is *not* a lesser included offense under Tennessee law. The sufficiency of the evidence is not at issue. Neither *Mellons* nor *Hicks* directly addresses the issue.

In reality, the language in *Hicks* which may be read to sustain a conviction for an offense not charged in the indictment flies in the face of *Howard* and long-standing Tennessee case law. Moreover, a conviction for an uncharged offense raises grave constitutional concerns under both the United States and Tennessee Constitutions.

Contradiction in *Hicks* arises from the words "whether it be or not" which were not necessary to the decision. The result in *Hicks* is consistent with prior law since facilitation of murder is a lesser included offense of first-degree murder and since the evidence was sufficient to convict on the greater offense, thereby not prejudicing defendant. *See State v. Mellons,* 557 S.W.2d at 498–500; *Reagan v. State,* 155 Tenn. 397, 293 S.W. 755 (1927); *State v. Davis,* 751 S.W.2d 167, 170 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1988). *Hicks,* however, should not be read to support affirming a conviction for an offense that was neither charged in the indictment nor a lesser grade or lesser included offense of the offense charged.

The jury verdict in this case cannot be considered an act of grace that worked to defendant's advantage, depriving appellant of the right to relief. The jury instruction on aggravated assault almost certainly resulted in prejudice to defendant. The jury did not find defendant guilty of any intentional and knowing attempt to murder. If no assault instruction was given, the jury could well have convicted defendant of attempted criminally negligent homicide which requires only criminally negligent conduct. Tenn.Code Ann. § 39–13–212 (1991 Repl.). *See State v. Mellons,* 557 S.W.2d at 500. Criminally negligent homicide is a Class E felony, which if only attempted would be reduced to a Class A misdemeanor pursuant to Tennessee Code Annotated Section 39–12–107 (1990 Repl.). The offense would carry a sentence of eleven months and twenty-nine days. Upon his aggravated assault conviction, defendant was sentenced to twelve years as a Class C felon.

Defendant was convicted and sentenced for an offense for which he was never charged. Under our law, such a conviction may not stand. The judgment of the Court of Criminal Appeals is reversed and defendant's conviction for aggravated assault is set aside. The case is dismissed.

ANDERSON, C.J., and DROWOTA, REID and BIRCH, JJ., concur.

---

**8.** In *Mellons,* the conviction was reversed and the case remanded for retrial on the charge of voluntary manslaughter. *State v. Mellons,* 557 S.W.2d at 500.