# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1997

FILED

October 21, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9606-CC-00222 |
| | ) | |
| Appellee, | ) | |
| | ) | BLOUNT COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. D. KELLY THOMAS, JR., |
| CHRISTOPHER ALLEN BERNSTEIN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (RAPE) |

FOR THE APPELLANT:                          FOR THE APPELLEE:

**ROBERT M. COHEN**                          **JOHN KNOX WALKUP**
Attorney at Law                              Attorney General & Reporter
303 High Street
Maryville, TN  37804                         **TIMOTHY F. BEHAN**
                                             Assistant Attorney General
                                             2nd Floor, Cordell Hull Building
                                             425 Fifth Avenue North
                                             Nashville, TN  37243


                                             **MICHAEL L. FLYNN**
                                             District Attorney General


                                             **KIRK E. ANDREWS**
                                             Assistant District Attorney General
                                             363 Court Street
                                             Maryville, TN  37804-5906


OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Christopher Allen Bernstein, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Blount County Grand Jury returned an indictment charging Defendant with rape. Pursuant to a plea agreement, he pled guilty to the charge and received an agreed sentence of eight (8) years as a Range I Standard Offender. As part of the plea agreement, Defendant was afforded a sentencing hearing for the trial court to determine the manner of service of the sentence. The trial court ordered Defendant to serve the entire sentence in the Department of Correction. In this appeal, Defendant raises two issues: (1) He argues that the conviction should be reversed and the charges dismissed because the indictment fails to allege the mens rea, and (2) he argues the trial court erred in ordering him to serve his entire sentence in the Department of Correction. We affirm the judgment of the trial court.

The record reflects that the Defendant committed the offense of rape on or about June 30, 1995. He was residing with his mother and father at the time. Since it is the policy of this court to not mention the names of minor victims of sexual abuse crimes, we will refer to the victim as TH. TH was thirteen (13) years old at the time of the offense and had been residing with her mother prior to moving in with the Defendant and his family. Defendant was twenty-eight (28) years old at the time of the offense. TH's IQ had been evaluated as low as 46 and experts had determined that her mental age was approximately six years old. Defendant had known TH's family for several years. They began dating in

May 1995. Although the Defendant admitted that he realized TH was "slow" and was taking some special academic classes, he claimed not to know that she was mentally retarded. Due to the fact that TH's mother did not want her to reside at home, the Defendant's parents invited TH to live with the Defendant's family. In approximately June of 1995, Defendant and TH began having sexual relations which included sexual intercourse and digital penetration. TH became pregnant and evidently gave birth to a child in January 1996. It is not clear from the record whether or not Defendant was the father of this child.

## I. SUFFICIENCY OF INDICTMENT

Defendant argues that the indictment is fatally defective and insufficient for failing to allege any mens rea. He relies upon a decision of a panel of this court which held that the indictment in that case was invalid for failing to allege a mens rea where the defendant was charged and convicted of aggravated rape. See State v. Roger Dale Hill, No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App., Nashville, June 20, 1996), perm. to appeal granted (Tenn. 1997).

The indictment in the case sub judice alleges in part that the Defendant:

> [O]n or about June, 1995, in Blount County, Tennessee, and before the finding of this indictment, did unlawfully sexually penetrate [TH], knowing at the time or having reason to know at the time that the said [TH] was, mentally defective, mentally incapacitated or physically helpless in violation of Tennessee Code Annotated § 39-13-503, . . . .

It is well-settled that the purpose of the indictment is to give notice to the defendant of the crime he must defend at trial. State v. Hughes, 212 Tenn. 644, 647, 371 S.W.2d 445, 447 (1962). An indictment or presentment must provide

notice of the offense charged, an adequate basis for the entry of proper judgment and suitable protection against double jeopardy. State v. Trusty, 919 S.W.2d 305, 309 (Tenn. 1996); State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991). A lawful accusation is an essential jurisdictional element, thus, a prosecution cannot proceed without an indictment that sufficiently informs the accused of the essential elements of the offense. State v. Perkinson, 867 S.W.2d 1, 5 (Tenn. Crim. App. 1992); State v. Morgan, 598 S.W.2d 796, 797 (Tenn. Crim. App. 1979).

Tennessee Code Annotated section 39-13-503 states in part that rape:

is the unlawful sexual penetration of a victim by the defendant or of the defendant by a victim accompanied by any of the following circumstances . . . [that] defendant knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless.

Tennessee Code Annotated section 39-11-301(c) states that "[i]f the definition of an offense within this title does not plainly dispense with a mental element, intent, knowledge or recklessness suffices to establish the culpable mental state." The rape statute and applicable definitions neither require nor "plainly dispense" with the requirement of a culpable mental state, and thus, the terms of Tennessee Code Annotated section 39-11-301(c) apply. In order to sufficiently allege elements of the offense, the indictment must allege or "necessarily imply" that the Defendant's sexual penetration of TH was done either intentionally, knowingly or recklessly.

In State v. Marshall, 870 S.W.2d 532, 538 (Tenn. Crim. App. 1993), this court found that an indictment was not fatally detective if the elements of the

-4-

offense are necessarily implied from the allegations made. A recent decision of this court held that "[i]f an offense is alleged in such a way that the defendant cannot fail to be apprised of the elements of the offense, the indictment is sufficient, notwithstanding the fact that an element may not be specifically alleged." See State v. John Haws Burrell, No. 02C01-9404-CR-00157, slip op. at 31, Anderson County (Tenn. Crim. App., Knoxville, Feb. 11, 1997)(Rule 11 application filed, April 10, 1997). We hold that the mens rea of "knowingly" is necessarily implied in the language of the indictment in the case sub judice by the allegations that Defendant engaged in the sexual penetration of TH, "knowing at the time or having reason to know at the time that the said [TH] was, mentally defective, mentally incapacitated, or physically helpless." See State v. Gussie Willis Vann, No. 03C01-9602-CC-00066, McMinn County (Tenn. Crim. App., Knoxville, June 10, 1997). This issue is without merit.

## II. MANNER OF SERVICE OF SENTENCE

Defendant argues that the trial court erred by sentencing him to serve his eight-year sentence in the Tennessee Department of Correction. Defendant asserts that the trial court should have sentenced Defendant to Community Corrections or some other type of alternative sentencing. When an accused challenges the length, range or manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102, -103 and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principals set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

From our review of the record, it is apparent the trial court considered the purposes of the sentencing laws, the presentence report, and the exhibits and testimony of the sentencing hearing. Since the Defendant received the minimum sentence of eight (8) years for a conviction of rape, the trial court did not address any enhancement or mitigating factors as they might pertain to the length of the sentence.

Defendant, convicted of a Class B felony, is not presumed to be a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6). The trial court properly considered various mitigating and enhancement factors

to determine whether Defendant was suitable for any alternative sentencing. The trial court found the following mitigating factors: (1) The Defendant cooperated with the State, (2) this conviction was Defendant's first felony conviction, and (3) Defendant pled guilty.

The trial court found the following enhancement factors to be applicable in arriving at the appropriate sentence: (1) The offense involved a victim and was committed by the Defendant to gratify his desire for pleasure or excitement, and (2) the Defendant abused a position of private trust (though it appears the trial court placed little weight on this). Furthermore, in reviewing the sentencing considerations of Tennessee Code Annotated section 40-35-103, the trial court found that in this case confinement was necessary to avoid depreciating the seriousness of the offense. The trial court specifically found that there was no evidence in the record that there was a need to restrain Defendant because of prior criminal conduct, there was no evidence of deterrence to justify confinement, and there was no evidence that measures less restrictive than confinement had been previous applied unsuccessfully. See Tenn. Code Ann. § 40-35-103.

However, the trial court placed great weight upon the lack of potential for rehabilitation in determining that the entire sentence should be served in the Department of Correction. Specifically, there was proof at the sentencing hearing that following the Defendant's arrest, the victim was placed in protective custody of the Department of Human Services at a facility in Knox County. Several weeks later, the Defendant went to this facility and was found with the victim in a vehicle in the parking lot. There was conflict in the testimony as to why Defendant was

there, but the trial court found that the Defendant had gone there after telling his father that they were going to Georgia to get married.

The trial court heard the testimony of the Defendant, the Defendant's mother, and the law enforcement officer who investigated the crime. He also had the benefit of the pre-sentence report. From our review of the entire record, we are unable to hold that the trial court committed error by ordering Defendant to serve his entire sentence in the Department of Correction. This issue is without merit.

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge


CONCUR:



_____
JOSEPH M. TIPTON, Judge


_____
JERRY L. SMITH, Judge