IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1997 SESSION

FILED

October 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JIMMY WAYNE WILSON, | * | C.C.A. # 03C01-9612-CR-00452 |
| Appellant, | * | JOHNSON COUNTY |
| VS. | * | Hon. Lynn W. Brown, Judge |
| STATE OF TENNESSEE, | * | (Habeas Corpus) |
| Appellee. | * | |

For Appellant:

Jimmy Wayne Wilson, Pro Se
108253, MCRC
P.O. Box 2000
Wartburg, TN  37887

For Appellee:

Charles W. Burson
Attorney General and Reporter

Michael J. Fahey, II
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

The petitioner, Jimmy Wayne Wilson, appeals the trial court's dismissal of his petition for a writ of habeas corpus. The single issue presented for review is whether the indictment was sufficient to support his conviction for rape.

We affirm the judgment of the trial court.

On January 18, 1985, the petitioner was indicted for rape. The indictment included the following language:

> The Grand Jurors ... say that Jimmy Wayne (Jimbo)
> Wilson on or about October 12, 1984, ... did unlawfully
> and feloniously have unlawful sexual penetration of [the
> victim] against her will and by use of threats and force,
> contrary to the laws of the State of Tennessee....

On June 25, 1985, the petitioner was convicted of rape, declared a habitual criminal, and sentenced to life imprisonment. This court affirmed the conviction on direct appeal. State v. Jimmy Wayne "Jimbo" Wilson, No. 717 (Tenn. Crim. App., at Knoxville, Nov. 14, 1986). Application for permission to appeal to the supreme court was denied May 11, 1987. Later, the petitioner was denied post-conviction relief in the trial court. On appeal, the judgment was affirmed in part and reversed and remanded in part for a hearing on the issue of effective assistance of counsel. Jimmy Wayne Wilson v. State, No. 909 (Tenn. Crim. App., at Knoxville, May 29, 1991). A second petition, which was filed on May 31, 1990, was dismissed as barred by the three-year statute of limitations. This court affirmed on direct appeal. Jimmy Wayne Wilson v. State, No. 970 (Tenn. Crim. App., at Knoxville, June 12, 1991). Application for permission to appeal was denied September 30, 1991. Upon the remand on his first post-conviction petition, the trial court denied relief, holding that the petitioner had been provided the effective assistance of

counsel in the direct appeal. This court affirmed. Jimmy Wayne Wilson v. State, No. 03C01-9203-CR-00104 (Tenn. Crim. App., at Knoxville, Dec. 1, 1992). Permission to appeal to the supreme court was denied March 1, 1993. Later, the petitioner filed another petition for post-conviction relief. Relief was denied by the trial court and, on direct appeal, the judgment was affirmed. Jimmy Wayne Wilson v. State, No. 03C01-9406-CR-00229 (Tenn. Crim. App., at Knoxville, Apr. 12, 1995). Permission to appeal to the supreme court was denied October 2, 1995. His last petitions for post-conviction relief were filed November 23, 1994. The trial court ruled that the petitions were barred by the statute of limitations. Again, this court affirmed. Jimmy Wayne Wilson v. State, No. 03C01-9602-CC-00085 (Tenn. Crim. App., at Knoxville, May 1, 1997).

The petitioner's first petition for writ of habeas corpus was dismissed in the trial court on February 20, 1996. This court affirmed. Jimmy Wayne Wilson v. State, No. 03C01-9604-CC-00142 (Tenn. Crim. App., at Knoxville, Aug. 12, 1997). In this petition, the petitioner contends that the indictment failed to include the essential element of culpable mental state. He asserts that there is no statute of limitations on a petition for habeas corpus and that his conviction for rape, which was based upon the defective indictment, is altogether void.

Tennessee Code Annotated § 39-11-301(c) (1989) provides that "[i]f the definition of an offense within this title does not plainly dispense with the mental element, intent, knowledge or recklessness suffices to establish the culpable mental state." In State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267 (Tenn. Crim. App., at Nashville, June 20, 1996), app. granted, (Tenn., Jan. 6, 1997), a panel of this court ruled that the statutory offense of rape did not "plainly dispense" with a mens rea of the crime and thus, the indictment, which did not allege a mens rea, did

3

not include an essential element of the offense.  More specifically, the panel held that an indictment that alleged the defendant "did unlawfully sexually penetrate [the victim] a person less than thirteen years of age, in violation of Tenn. Code Ann. § 39-13-512" was "fatally defective because [the indictment] does not allege that he sexually penetrated [the victim] intentionally, knowingly, or recklessly." Hill, slip op. at 5.

Generally, an indictment must set forth the elements of the offense. State v. Perkinson, 867 S.W.2d 1, 5 (Tenn. Crim. App. 1992).  It is settled law that "[w]hen the indictment or presentment fails to fully state the crime, all subsequent proceedings are void." Id. (citing State v. Morgan, 598 S.W.2d 796, 797 (Tenn. Crim. App. 1979)).  That all elements of the offense must be alleged is "not [a] new concept [] in Tennessee jurisprudence." Hill, slip op. at 7 (citing State v. Hughes, 371 S.W.2d 445 (Tenn. 1963); State v. Cornellison, 59 S.W.2d 514 (Tenn. 1933); State v. Smith, 612 S.W.2d 493, 497 (Tenn. Crim. App. 1980)).  The historical significance of the indictment is well documented in the federal courts:

> The general ... and universal rule ... is that all the material facts and circumstances embraced in the definition of the offense must be stated, or the indictment will be defective.  No essential element of the crime can be omitted without destroying the whole pleading.  The omission cannot be supplied by intendment or implication, and the charge must be made directly, and not inferentially or by way of recital.

United States v. Hess, 124 U.S. 483, 8 S. Ct. 571, 573 (1888).  The provisions of our state and federal constitutions guarantee the criminally accused knowledge of the "nature and cause of the accusation." U. S. Const. amend. VI; Tenn. Const. art I, § 9.  "Fair and reasonable notice of the charges against an accused is a fundamental constitutional requirement." State v. Trusty, 919 S.W.2d 305, 309 (Tenn. 1996).  To be sufficient, an indictment must "inform the defendant of the precise charges; ... must enable the trial court upon conviction to enter an

4

appropriate judgment; ... and must protect [the] defendant against double jeopardy."

Id.  As a matter of fairness, the constitutional requirement is designed to afford the criminally accused with an adequate opportunity to prepare any defense before the trial.  See, e.g., Pope v. State, 258 S.W. 775 (Tenn. 1924); Daniel v. State, 50 Tenn. 257 (1871).

Such a rigid rule has occasionally caused harsh results.  At times, convictions have been set aside even though the prosecution gains no advantage:

> At common law, even the slightest technical defect might fell an indictment.  Sir Matthew Hale lamented the strictness with which indictments were viewed as a "blemish and inconvenience of the law" whereby "heinous any crying offenses escape by these unseemly niceties to the reproach of the law, to the shame of the government, and to the encouragement of villainy, and to the dishonor of God."  2 Sir Matthew Hale, The History of the Pleas to the Crown, 193 (London E. Ryder 1800) (1716).

United States v. Wydermyer, 51 F.3d 319, 324 (2d Cir. 1995).

In State v. Marshall, 870 S.W.2d 532, 537 (Tenn. Crim. App. 1993), this court specifically rejected the view that reference to a statutory provision in the criminal code provides the defendant with adequate notice of the charges.  C.f., People v. Del Pilar, 576 N.Y.S. 2d 346, 348 (A.D. 2 Dept. 1991); State v. Petrone, 468 N.W.2d 676, 686 (Wis. 1991).  This court's rejection of a more lenient test for indictments was based upon the statutory requirement that an indictment "state the facts constituting the offense in ordinary and concise language ... in such a manner as to enable a person of common understanding to know what is intended...."  Marshall, 870 S.W.2d at 537 (quoting Tenn. Code Ann. § 40-13-202).  In Marshall, however, this court did rule that the failure to specifically allege in an indictment an element of the offense is not fatal "if the elements are necessarily implied from the allegations made."  Id. at 538 (citing Hagner v. United States, 285 U.S. 427 (1932)).

5

"By alleging that a defendant possessed cocaine which he intended to sell, the indictment necessarily implied that it was a knowing possession." Marshall, 870 S.W.2d at 538.

In our view, the indictment (actually a presentment returned by the Johnson County Grand Jury on January 18, 1985) in this case provided adequate notice to the defendant. If the offense is alleged in such a way that the defendant cannot fail to be apprised of the elements of the offense, the indictment is sufficient, notwithstanding the fact that an element may not be specifically alleged.[1]

In State v. John Haws Burrell, No. 03C01-9404-CR-00157, slip. op. at 32 (Tenn. Crim. App., at Knoxville, Feb. 11, 1997), app. for perm. to appeal filed April 10, 1997, a panel of this court held that the words "unlawfully and feloniously" were sufficient to validate the indictment. Thus, the indictment of the petitioner "necessarily implied" that the sexual contact was intentional. The term "feloniously" necessarily implies the mens rea. Historically, "feloniously" has meant "[p]roceeding from an evil heart or purpose; done with a deliberate intention of committing a crime." Charles Gate v. State, No. 03C01-9510-CC-00313 (Tenn. Crim. App., at Knoxville, Aug. 16, 1996) (quoting Black's Law Dictionary, 617 (6th ed. 1990) (ordering denying a petition for post-conviction relief)). "Feloniously" also means "done with the intent to commit a crime." Id. (quoting State v. Smith, 105 S.W. 68, 70 (Tenn. 1907)).

---

[1]The petitioner was convicted under the 1982 Criminal Code not the 1989 Act. The statutory law in effect at the time of the this conviction only required that the indictment comply with the language of the statute. The words "unlawfully and feloniously" would necessarily imply the intent required by the law in effect at the time of this crime. Rape was then defined as the "unlawful sexual penetration of another accompanied by ... [f]orce or coercion ...," among other things. Tenn. Code Ann. § 39-2-604(a)(1)(1982). The indictment here reflects the language of the statute.

A writ of habeas corpus may be granted only where a petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Here, the petitioner has been unable to establish either lack of jurisdiction or the expiration of his sentence.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
Paul G. Summers, Judge


_____
William M. Barker, Judge

7