IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
OCTOBER SESSION, 1997

FILED

January 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 02C01-9702-CC-00083 |
| Appellee | ) | |
| | ) | GIBSON COUNTY |
| vs. | ) | |
| | ) | Hon. Dick Jerman, Jr., Judge |
| CYNTHIA ROBERSON and, | ) | |
| RHODNEY ROBERSON | ) | (First degree murder; |
| | ) | aggravated assault) |
| Appellant | ) | |

**SEPARATE CONCURRING**

I agree with the majority that Cynthia Roberson's conviction for aggravated assault must be reversed. I write separately only to note additional reasons for so concluding.

The Sixth Amendment requires that the State inform the accused "of the nature and cause of the accusation against him" through presentment or indictment of a grand jury. State v. Trusty, No. 02C01-9307-CR-00170 (Tenn. Crim. App. at Jackson, Oct. 12, 1994) (Hayes, J., dissenting), rev'd, 919 S.W.2d at 305. See also U.S. CONST. amend. VI (1791); TENN. CONST. Art. I, Sec. 14 (1870). Inherent within the functions of an indictment is the due process guarantee that the accused be provided a fair opportunity to defend against the offense as charged in the indictment. State v. Barnes, 954 S.W.2d 760, 763 (Tenn. Crim. App. 1997) (citations omitted). It is a well-established principal that "convicting a person of a crime neither raised by the indictment nor a lesser included offense thereof violates a fundamental right." Trusty, No. 02C01-9307-CR-00170 (Hayes, J., dissenting). In other words, one cannot be accused of one crime and convicted of another. See Barnes, 954 S.W.2d at 764. I find this to be the situation before us.

In this case, "CR" was put on notice by the indictment to defend against the

offense of first degree murder resulting from aggravated child abuse and all lesser included and lesser grades of offenses.  Thus the prosecution's theory, as charged by the indictment, was that "CR" was criminally liable based upon her abusive conduct resulting in serious bodily injury and the ultimate death of her daughter.  I find, the jury's verdict, however, reflects an entirely different theory of criminal liability, not encompassed by the indicted charge.  The jury found "CR" guilty based upon her intentional or knowing failure or refusal "to protect" her child from an aggravated assault.  Clearly, the latter proscribes an omission to act in order to prevent an aggravated assault whereas the former proscribes voluntary conduct in the commission of a murder.  <u>See</u> Tenn. Code Ann. §§ 39-13-102(a)(2)(A); 39-13-102(b).  Accordingly, I find that aggravated assault, as charged to the jury, is neither a lesser grade nor lesser included offense of first degree murder by aggravated child abuse.  <u>See</u> <u>Trusty</u>, 919 S.W.2d 305, 310-11 (Tenn. 1996).

For these additional reasons, I would reverse the conviction of "CR."

_____
DAVID G. HAYES, Judge