IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1998 SESSION

FILED

August 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE, )
) C.C.A. No. 02C01-9708-CR-00319
    Appellee, )
) Shelby County 96-11229
V. )
) Honorable Arthur T. Bennett, Judge
)
ANTONIO M. KENDRICK, ) (Aggravated Rape)
)
    Appellant. )

FOR THE APPELLANT:

PAMELA J. DREWERY
416 E. Lafayette
Jackson, TN 38303
(on appeal)

JOSEPH S. OZMENT
217 Exchange Avenue
Memphis, TN 38105
(at trial)

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

WILLIAM L. GIBBONS
District Attorney General

PERRY HAYES
Assistant District Attorney General
Criminal Justice Center, Third Floor
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The defendant, Antonio M. Kendrick, was convicted of aggravated rape following a jury trial in the Shelby County Criminal Court. He was sentenced as a Range I offender to twenty years in the Tennessee Department of Correction, to be served consecutively to a sentence for a prior unrelated rape conviction. The defendant now appeals, challenging the sufficiency of the evidence, certain jury instructions, the composition of his jury, and his sentence. We AFFIRM the judgment of the trial court.

## BACKGROUND

On May 15, 1995, the defendant approached the victim, Marcelita Hester, and, brandishing an object that she thought to be a wrench, forced her to get into his car. The defendant drove with Hester in the car for several minutes. While he drove, the defendant asked Hester whether she remembered him. He told her to "take a good look" and said that she had cursed him at a grocery store earlier. Hester said that she did carefully observe the defendant but remembered neither him nor or any such incident.

The defendant continued to drive for some time. Hester testified that she focused on his voice and features during this time so that she could identify him later. She also observed numerous details of the defendant's car. The defendant stopped and demanded that she perform oral sex, threatening to "bash [her] head" if she did not. Hester complied. While she did, the defendant resumed driving for another five to ten minutes. He then stopped again, forcibly removed Hester's clothes, and forcibly engaged in vaginal sex with her. He then drove Hester to her aunt's home and released her. He backed down the street, preventing Hester from observing his license plate.

Hester immediately called the police and reported the rape. She subsequently identified a person from a photo lineup as her assailant. After investigation, however, police concluded that this identified person could not have committed the crime.

Three or four days after the rape, Hester saw the defendant driving near her home. Recognizing both the car and the defendant, Hester followed him and obtained his license plate number. She then supplied this information to the police, and the defendant was arrested and indicted for aggravated rape.

## JURY INSTRUCTIONS

The defendant alleges two errors in the trial court's instructions to the jury. First, he argues that the trial court erred in failing to charge criminal attempt as a lesser included offense. A recent Supreme Court decision compels our concluding that this omission, even if in error, was harmless.

Clearly, criminal attempt is a lesser included offense and must be charged when supported by the evidence. See State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996). However, "[a] trial judge . . . need only instruct on lesser offenses in circumstances in which evidence in the record would support a conviction for the lesser offenses." Id. at 310, 311 & n.5. The defense theory at trial was mistaken identity and alibi, not that the victim was not raped. The defendant did not suggest that the offense was incomplete. The state therefore argues that the attempt need not have been charged because evidence did not support attempt.

In theory, the jury might have credited evidence that would support an attempted rape conviction but declined to credit the victim's testimony that penetration occurred, even in the absence of any suggestion that penetration did not occur. In addition, the attempt statute clearly states, "It is no defense to prosecution for criminal attempt that the offense attempted was actually

committed." Tenn. Code Ann. § 39-12-101. Nevertheless, we need not decide whether an attempt instruction was required. Even assuming that the trial court erred, any error was clearly harmless.

In State v. Williams, 977 S.W.2d 101 (Tenn. 1998), the Tennessee Supreme Court held that a trial court's failure to instruct the jury as to a lesser offense was harmless error when the jury was instructed as to another lesser offense but convicted the defendant of the greatest charged offense. In the present case, the trial court instructed the jury on aggravated rape, rape, sexual battery, aggravated assault, and assault. As in Williams, the jury in the instant case convicted the defendant of the greatest charged offense. Thus, following Williams, we find that omitting a charge of attempt as an additional lesser offense was harmless. This issue is without merit.

The defendant also argues that the "reasonable doubt" charge was deficient in that it did not include the phrase "moral certainty." This Court has repeatedly reviewed reasonable doubt instructions similar to the instruction in the instant case and concluded that the lack of "moral certainty" language does not render the instruction constitutionally deficient. See, e.g., State v. Jose Holmes, No. 02C01-9505-CR-00154 (Tenn. Crim. App. filed Dec. 10, 1997, at Jackson).

## SUFFICIENCY OF EVIDENCE

The defendant asserts that the victim's identification of him was infirm and that, absent this identification, the evidence is insufficient to support the jury's verdict. The defendant points out that Hester mistakenly identified another person from a photo lineup as her assailant and mistakenly identified the defendant's car as a Buick Skylark rather than a Buick LeSabre. Nevertheless, Hester identified the defendant in court and related numerous details of the interior of the defendant's vehicle. The jury was entitled to credit this evidence.

-4-

Hester also subsequently recognized the defendant and the vehicle used in her assault as he drove down her street. This issue is without merit.

## JURY COMPOSITION

The defendant next argues that the service of a deputy jailer, Gloria Nathaniel, as a juror in his case compromised the verdict. The defense questioned Nathaniel regarding her prior knowledge of the defendant from the jail but declined to challenge her, although the defense had not exercised all of its challenges. Here, the defendant argues that Nathaniel was not fully honest with the defense during the voir dire when she "denied knowing the appellant." He also suggests, although admitting "there is no direct proof," that Nathaniel inappropriately influenced other jurors.

At a hearing on the defense's motion for a new trial, Nathaniel testified that she did not know the defendant but that she knew of him; specifically, she said she knew that he had been housed at the jail. She stated that she did not know what the defendant was accused of prior to trial, that she had never looked at the defendant's record or "rap sheet," that none of her co-workers had ever discussed the defendant's record with her, that her vague knowledge of the defendant did not affect her vote on the verdict, and that she did not influence any of the other jurors with such information. The trial judge specifically found no indication of any bias or prejudice. The trail court did not abuse its discretion in denying the motion for a new trial. This issue is without merit.

## SENTENCING

Finally, the defendant argues that the trial court erroneously applied certain enhancement factors and that his sentence is, therefore, excessive. Appellate review of a challenge to the length or manner of service of a sentence

is de novo on the record, "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The appellant carries the burden of showing that his sentence is improper. See Tenn. Code Ann. § 40-35-401(d) sentencing comm'n cmts; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996).

At the time of the instant offense, the defendant had been recently convicted of another unrelated rape and was on bail pending appeal of that conviction to this Court. See State v. Antonio Kendrick, No. 02C01-9604-CR-00121 (Tenn. Crim. App. filed Nov. 5, 1997, at Jackson). Accordingly, the trial court found applicable enhancement factors (1) and (13)—that the "defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range"; and that the "felony was committed while on [appeal bond] from a prior felony conviction." Tenn. Code Ann. § 40-35-114(1), (13).

The defendant argues that because his appeal had not been resolved at the time of the sentencing hearing in the present case, his conviction was not "final" and could support neither enhancement. We disagree. The defendant was on bail from a prior felony conviction at the time of his present felony offense; potential reversal of his prior conviction does not alter this fact. Thus, enhancement factor (13) would apply even if his prior rape conviction had been ultimately overturned. We also find that the defendant's prior trial court conviction, although still subject to appeal, was sufficient to establish the applicability of enhancement factor (1). Moreover, although the defendant did not include his presentence report on this appeal, the record indicates that his

criminal history may comprise additional behavior that would further support application of this enhancement. This issue is without merit.

## CONCLUSION

The judgment of the trial court is AFFIRMED.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

(See dissenting opinion)_____
GARY R. WADE, Presiding Judge

_____
THOMAS T. WOODALL, Judge